*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   May 5, 2016                520915
_____

In the Matter of MATTHEW R.
    FRITTS,
                        Respondent,

        v                                   MEMORANDUM AND ORDER

TAMMY SNYDER,
                        Appellant.

(And Another Related Proceeding.)
_____


Calendar Date:   March 24, 2016

Before:   McCarthy, J.P., Egan Jr., Rose, Devine and Clark, JJ.

                    _____


        Lisa K. Miller, McGraw, for appellant.

        Margaret McCarthy, Ithaca, for respondent.

        Randolph V. Kruman, Cortland, attorney for the child.

                    _____


Egan Jr., J.

        Appeal from an order of the Family Court of Cortland County
(Campbell, J.), entered April 15, 2015, which, among other
things, granted petitioner's application, in a proceeding
pursuant to Family Ct Act article 6, for custody of the parties'
child.

        Petitioner (hereinafter the father) and respondent
(hereinafter the mother) are the unmarried parents of a son (born
in 2009).  Within two or three months of the child's birth, the
father began visiting with the child for a few hours each week;
as the child grew older, the father's visitations expanded to

every other weekend and, by September 2013, the parties were alternating physical custody of the child on a weekly basis.  In the fall of 2013, the child's maternal grandmother became ill; the grandmother entered a residential care facility in February 2014 and died in August 2014.  During this time period, and at the mother's request, the child began spending more time at the father's residence.

By all accounts, this arrangement worked well until August 2014 when the father read in a local newspaper that the mother had been arrested for driving while intoxicated in April 2014. In response, the father reached out to a deputy for the Cortland County Sheriff's Department, who was the father of the mother's other child, and the deputy shared his concerns regarding the mother's alcohol use.[1]  The father then contacted an attorney and thereafter learned that the mother also had been arrested for driving while intoxicated in 2012.[2]  Based upon this information, the father elected not to return the child to the mother in September 2014, as the result of which the mother did not see the child for several weeks.

The father then commenced this proceeding seeking custody of the child, and the mother cross-petitioned for similar relief. In October 2014, Family Court issued a temporary order awarding physical custody to the father and visitation to the mother. Following a hearing on the petitions, Family Court — although

---

[1]  The deputy and the mother had joint legal custody of their daughter with primary physical custody to the deputy and visitation to the mother three weekends each month — together with shared holidays and vacations.

[2]  With respect to the 2012 offense, the mother pleaded guilty to driving while ability impaired, paid various fines and received a conditional license.  Following the 2014 offense, the mother pleaded guilty to aggravated driving while intoxicated and aggravated unlicensed operation of a motor vehicle and was placed on probation for three years.  The mother also was required to wear an ankle monitor, which was designed to detect alcohol in her system, for a period of time.

clearly displeased with the father's unilateral decision to withhold the child from the mother in September 2014 – granted the father's application and awarded the parties joint legal custody of the child with primary physical custody to the father and visitation to the mother on three consecutive weekends each month, together with shared holidays and alternating weeks of parenting time during the summer. This appeal by the mother ensued.

"The paramount consideration in an initial custody proceeding is the child's best interests, taking into consideration such factors as the parents' past performance, relative fitness, willingness to foster the child's relationship with the other parent and ability to maintain a stable home and provide for the child's overall well-being" (Matter of Benjamin v Lemasters, 125 AD3d 1144, 1145 [2015] [citations omitted]; see Matter of Rosetta BB. v Joseph DD., 125 AD3d 1205, 1206 [2015]). In light of "Family Court's superior ability to observe and assess the witnesses' testimony and demeanor firsthand" (Matter of DiMele v Hosie, 118 AD3d 1176, 1177 [2014]), this Court will defer to Family Court's factual findings and credibility assessments – provided such determinations are supported by a sound and substantial basis in the record (see Matter of Adam MM. v Toni NN., 124 AD3d 955, 955 [2015]).

Here, Family Court was presented with two generally fit and loving parents – each of whom possessed various strengths and shortcomings. The father, who has long maintained a consistent and strong presence in the child's life despite the absence of a formal custody order, is a self-employed dairy farmer – managing a 300-acre farm and approximately 100 cows. The farm, where the child spent most of his time before and after preschool each day, is located a short distance from the father's five-bedroom home, which he shared with his girlfriend, the child and – at various times – his daughter and his girlfriend's sons from prior relationships. The father testified as to his daily routine with the child, as well as his efforts to address issues regarding the child's teeth and need for speech therapy. The father also acknowledged the importance of the mother's role in the child's life and indicated that he was able to communicate with her in a cooperative fashion. At the time of the hearing, the mother, who

did not then have a valid driver's license[3] and still was on probation, was taking classes at a local community college and living in a three-bedroom apartment that she obtained through a subsidized housing program. Although the mother indicated that she was "doing daycare after school," an apparent reference to providing daycare services in her home, the record reflects that she primarily was relying upon food stamps and the $13,000 that she received in life insurance and retirement benefits following her mother's death to support herself. The mother also was participating in counseling sessions at the time of the hearing, although her testimony was inconsistent as to whether such counseling was voluntary or was a term and condition of her probation. In this regard, the mother had been evaluated and diagnosed as alcohol dependent, but she disagreed with that diagnosis, stating instead, "I think I need the counseling for . . . reasons other than alcohol."

The parties are to be commended for establishing and maintaining an informal — and for a number of years successful — shared custody arrangement, as well as their stated willingness to continue to work together in a cooperative fashion for the good of their child, and it is clear that the child benefits from having both of his parents actively involved in his life. As Family Court aptly observed, however, alternating physical custody of a school-age child whose parents reside in different school districts simply is not practical, thereby necessitating an award of primary physical custody to either the father or the mother. In this regard, while we share Family Court's concerns regarding the father's unilateral decision to withhold the child from the mother for a period of time beginning in September 2014, we cannot fault the court for being equally concerned regarding the mother's alcohol-related history. Based upon those considerations, and taking into account the father's more consistent schedule and employment, we agree that the father is better able to provide a more secure and stable environment for the child. As we are satisfied that Family Court's resolution of this matter is supported by a sound and substantial basis in the

---

[3]    The mother also testified that her vehicle previously had been repossessed.

record, the underlying order is affirmed.

McCarthy, J.P., Rose, Devine and Clark, JJ., concur.


ORDERED that the order is affirmed, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court