Antonella GG. v Andrew GG. (2019 NY Slip Op 01274)





Antonella GG. v Andrew GG.


2019 NY Slip Op 01274


Decided on February 21, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 21, 2019

526256

[*1]ANTONELLA GG., Appellant,
v
ANDREW GG., Respondent.

Calendar Date: January 11, 2019

Before: Lynch, J.P., Clark, Mulvey, Devine and Aarons, JJ.


Steven H. Klein & Associates, Poughkeepsie (Steven H. Klein of counsel), for appellant.
Jonathan D. Katz, New Paltz, for respondent.
Daniel Gartenstein, Kingston, attorney for the children.



MEMORANDUM AND ORDER
Devine, J.
Appeal from an order of the Supreme Court (Mizel, J.), entered April 27, 2017 in Ulster County, which granted defendant custody of the parties' children.
Plaintiff (hereinafter the mother) and defendant (hereinafter the father) are the married parents of two daughters (born in 2002 and 2003). Following a domestic incident in February 2014, the parties commenced family offense and custody proceedings in Family Court. A temporary order of protection was issued that awarded temporary custody of the children to the father. The mother then commenced the present action for divorce, and the three matters were then consolidated. After a fact-finding hearing that included a Lincoln hearing, Supreme Court issued an exhaustive 72-page decision in which it analyzed the evidence and relevant factors and determined that an award of sole legal and physical custody to the father and specified visitation to the mother was in the best interests of the children. The mother appeals from the ensuing order.
We affirm. In rendering an initial custody determination, a court focuses upon the best interests of the children by considering factors such as each parent's past performance and relative fitness, willingness to foster the children's positive relationship with the other parent and ability to maintain a stable home environment and provide for the children's well-being (see [*2]Matter of Shirreece AA. v Matthew BB., 166 AD3d 1419, 1421 [2018]; Herrera v Pena-Herrera, 146 AD3d 1034, 1035 [2017]). The credibility assessments and factual findings made by Supreme Court are entitled to deference, and we will not disturb the ensuing custody determination if it is supported by a sound and substantial basis in the record (see Matter of Shirreece AA. v Matthew BB., 166 AD3d at 1422; DeSouza v DeSouza, 163 AD3d 1185, 1188 [2018]).
The hearing testimony from the father, family friends and law enforcement officials who responded to domestic incidents at the marital residence reflected that the mother has an alcohol abuse problem that worsened in the years before the parties' split. These witnesses depicted the mother as an angry, incoherent drunk who physically and verbally abused the father, accosted responding police officers and engaged in other inappropriate behavior that the children were not insulated from in any way. The children were concerned and frightened by the mother's behavior, and their therapist testified that it caused both to develop posttraumatic stress. Indeed, the children's therapist and the parties' former marriage counselor agreed that granting primary custody of the children to the mother would raise serious concerns unless she addressed her substance abuse problem. Supreme Court weighed this proof against the conflicting testimony of the mother and her relatives and the report of a court-appointed psychologist, whose factual accuracy and impartiality were called into doubt at the hearing, and credited the evidence that the mother has an unaddressed drinking problem that impacts her ability to care for the children (see Matter of Williams v Patinka, 144 AD3d 1432, 1433 [2016]; Moor v Moor, 75 AD3d 675, 677 [2010]).
As for the other relevant factors, the parties have severe communication difficulties that preclude a joint custodial arrangement, but both appear to be loving parents who are devoted to their children. The mother was the primary caregiver until the father was awarded temporary custody in February 2014, and she raised concerns about the father's behavior toward her, his frequent long work days and historical marihuana use. That said, the father has done well for the children since obtaining temporary custody, securing necessary medical, psychological and educational help, ensuring that they are well cared for while he works and presiding over an improvement in their school attendance and performance. The father further testified that, in contrast to the mother's behavior toward him, he has encouraged the children to maintain their relationship with the mother and accommodated her requests for visitation. Supreme Court thoroughly examined these factors and determined that an award of sole custody to the father was in the best interests of the children, but also granted the mother significant unsupervised visitation and encouraged her to seek modification of the custodial arrangement should she enter and successfully complete a substance abuse treatment program. We defer to Supreme Court's assessments of credibility and, after doing so, are satisfied that a sound and substantial basis in the record exists for its custody determination (see Matter of Fritts v Snyder, 139 AD3d 1143, 1144-1145 [2016]; Matter of Colleen GG. v Richard HH., 135 AD3d 1005, 1007-1008 [2016]).
Finally, " [a] child's out-of-court statements are admissible in a custody dispute if the statements relate to abuse or neglect, provided that such statements are corroborated by other evidence" (Heather B. v Daniel B., 125 AD3d 1157, 1158 [2015]; see Family Ct Act § 1046 [a] [iii] [vi]). The father sought to introduce out-of-court statements of the children regarding the mother's misuse of alcohol, which constituted proof of neglect, and the statements were sufficiently corroborated so as to warrant their admission (see Matter of Kylee R. [David R.], 154 AD3d 1089, 1091-1092 [2017], lv denied 30 NY3d 911 [2018]; Matter of Megan G., 291 [*3]AD2d 636, 639-640 [2002]). To the extent not already addressed, the mother's contentions have been examined and lack merit.
Lynch, J.P., Clark, Mulvey and Aarons, JJ., concur.
ORDERED that the order is affirmed, without costs.