*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 26, 2017                     521560
_____

In the Matter of ANGELA F.,
                    Appellant,

        v                                   MEMORANDUM AND ORDER

GAIL WW. et al.,
                    Respondents.
_____

Calendar Date:  January 9, 2017

Before:  McCarthy, J.P., Egan Jr., Lynch, Clark and Mulvey, JJ.

                    _____

        Susan Patnode, Rural Law Center of New York, Castleton
(Cynthia Feathers of counsel), for appellant.

        Reginald Bedell, Elizabethtown, attorney for the child.

                    _____

Clark, J.

        Appeal from an order of the Family Court of St. Lawrence
County (Morris, J.), entered August 6, 2015, which dismissed
petitioner's application, in a proceeding pursuant to Family Ct
Act article 6, to modify a prior order of visitation.

        The underlying facts are set forth more fully in our
decision on an earlier appeal (113 AD3d 889 [2014]).  As relevant
here, petitioner (hereinafter the mother) and respondent Michael
WW. (hereinafter the father) are the parents of a daughter (born
in 2001).  In April 2010, Family Court awarded joint legal
custody of the child to the mother, the father and respondent
Gail WW. (hereinafter the paternal grandmother), with the
paternal grandmother having physical custody and the mother
having visitation as set forth in orders in then pending neglect
proceedings, which provided for weekly supervised visits.  In

2011, after the relevant Family Ct Act article 10 petitions had been dismissed, the mother commenced this Family Ct Act article 6 proceeding seeking a modification of the April 2010 order by awarding her weekly visitation with the child and approving her husband as a visitation supervisor. In July 2012, following a hearing, Family Court modified the April 2010 order by, among other things, directing that the mother have a two-hour period of visitation with the child "a minimum of one time each month" and that the paternal grandmother, or such other person designated by the paternal grandmother, supervise the visits.

In January 2014, upon the mother's appeal, this Court modified Family Court's order, concluding that, although the requisite change in circumstances had been established, a sound and substantial basis did not exist in the record "to reduce the mother's visitation from one supervised visit per week as existed under the prior orders to as little as one supervised two-hour visit per month" or to deny the mother's request for approval of her husband as a visitation supervisor, and remitted the matter for further proceedings (id. at 890-891). This Court also indicated that, while the determination whether to conduct a Lincoln hearing was within the discretion of Family Court, "hearing from the child in camera, while not dispositive, could be an insightful and useful factor in determining the extent to which her mother's visitation is in the child's best interests" (id. at 890). Upon remittal, Family Court conducted a hearing on June 20, 2014 solely on the issue of whether the mother's husband was an appropriate visitation supervisor and subsequently held a Lincoln hearing with the child in September 2014. Over 13 months later, in August 2015, after having rendered a bench decision in June 2015,[1] Family Court directed that its July 2012 order be "continued in full force and effect without modification." The

---

[1] In its June 2015 bench decision, Family Court also resolved other pending petitions brought by the mother with respect to three of her other children. The mother appealed from the orders resolving those other petitions and such appeals are decided herewith (Matter of Angela F. v St. Lawrence County Dept. of Social Servs., ___ AD3d ___ [decided herewith]; Matter of Abigail QQ. [Angela F.], ___ AD3d ___ [decided herewith]).

mother appeals.[2]

As recognized by the mother, upon remittal, Family Court failed to address a fundamental aspect of this Court's January 2014 order – namely, that a sound and substantial basis did not exist in the record to support a reduction of the supervised visitation that the mother was afforded under the relevant prior orders. Family Court made no acknowledgment – on the record or in the order appealed from – of this aspect of this Court's January 2014 holding. At the June 20, 2014 hearing, Family Court expressly restricted the proof to the issue of whether the mother's husband could serve as a visitation supervisor and repeatedly cautioned the mother when she, proceeding pro se, strayed from this issue.[3] Furthermore, aside from the child's testimony at the Lincoln hearing, Family Court received no further proof as to the extent of visitation that should be afforded to the mother. The Lincoln hearing testimony, standing alone, particularly given the passage of time since Family Court's July 2012 order, was insufficient to cure the deficiencies – identified in this Court's prior order – in the

_____

[2] While the mother's notice of appeal purports to appeal from Family Court's June 2015 bench decision, from which no appeal lies (see CPLR 5512 [a]; Family Ct Act § 1112), we will, in the exercise of our discretion, view it as an appeal from Family Court's August 2015 order (see CPLR 5520 [c]; Matter of Joshua UU. [Jessica XX.–Eugene LL.], 81 AD3d 1096, 1097 n 2 [2011]; Matter of Gunthorpe v Cathey, 52 AD3d 907, 908 n [2008]).

Additionally, although the St. Lawrence County Department of Social Services submitted a brief on appeal, it was not a party in the underlying Family Ct Act article 6 proceeding, nor did it seek to intervene in the proceeding as an interested party. As such, we have not considered the Department's brief on appeal.

[3] We also note that Family Court's statement, in the order appealed from, that the mother "failed to show by a preponderance of the evidence . . . that the [July 2012 order] should be changed" reflects the court's inherent misunderstanding of this Court's January 2014 order.

proof relied on by Family Court to support its July 2012 determination to reduce the mother's visitation (113 AD3d at 890). Accordingly, a sound and substantial basis did not exist in the record to support Family Court's adherence to its July 2012 order reducing the mother's visitation (see id.). As such, the matter must be remitted for a new hearing to determine the extent to which the mother should be afforded visitation, this time before a different judge (see Matter of Angela F. v St. Lawrence County Dept. of Social Servs., ___ AD3d ___ [decided herewith]).

As to Family Court's determination that the mother's husband could not serve as a visitation supervisor, we similarly find that such determination was not supported by a sound and substantial basis in the record. The record evidence demonstrated that the mother's husband had been approved as a supervisor by the St. Lawrence Department of Social Services, had previously supervised the mother's contact with their child without incident and was willing and able to supervise the mother's visitation with the subject child. The mother's husband testified that he had been present at 10 to 20 of the mother's visits with the child, in part so that he could facilitate a bond between the child and her half sister. He acknowledged that, on two occasions, the mother made inappropriate comments to the child regarding ongoing court proceedings. However, the husband and the paternal grandmother consistently testified that the husband voiced his opinion about the inappropriateness of the comments after the paternal grandmother spoke up. While the paternal grandmother criticized the husband for not raising the issue first, the mother's husband explained that he did not intervene first because he, unlike the paternal grandmother, was not a designated supervisor of the child. Family Court improperly concluded, without any basis in the record, that the husband could not be relied upon to protect the child from the mother. Upon consideration of the foregoing, Family Court's determination to deny the mother's request for approval of her husband as a visitation supervisor lacks a sound and substantial basis in the record (see 113 AD3d at 890-891; compare Matter of Wormuth v Mathis, 58 AD3d 923, 924 [2009]). Accordingly, the husband is deemed to be a designated supervisor of the child. Pending a determination upon the remitted issue, the mother

shall, on a temporary basis, have visitation with the child as set forth in the July 2012 order, except that such visitation may now be supervised by the husband.

McCarthy, J.P., Egan Jr., Lynch and Mulvey, JJ., concur.

ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as adhered to the reduction of petitioner's visitation to a minimum of one time per month and denied petitioner's request to have her husband supervise visitation; matter remitted to the Family Court of St. Lawrence County for further proceedings not inconsistent with this Court's decision before a different judge, said proceedings to be commenced with 30 days of the date of this decision and, pending said further proceedings, petitioner shall have visitation as specifically set forth herein; and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court