*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   January 26, 2017          521561
                                                 521562
_____

In the Matter of ABIGAIL QQ.,
    Alleged to be a Neglected
    Child.

ST. LAWRENCE COUNTY DEPARTMENT
    OF SOCIAL SERVICES,                     MEMORANDUM AND ORDER
                    Respondent;

ANGELA F.,
                    Appellant.

(And Another Related Proceeding.)
_____

Calendar Date:   November 16, 2016

Before:   Egan Jr., J.P., Lynch, Rose, Clark and Aarons, JJ.

_____

        Susan Patnode, Rural Law Center of New York, Castleton
(Cynthia Feathers of counsel), for appellant.

        David D. Willer, St. Lawrence County Department of Social
Services, Canton, for respondent.

        Reginald Bedell, Elizabethtown, attorney for the child.

_____

Clark, J.

        Appeals (1) from an order of the Family Court of St.
Lawrence County (Morris, J.), entered July 27, 2015, which, among
other things, granted petitioner's application, in a proceeding
pursuant to Family Ct Act article 10, to extend the period of
petitioner's supervision of respondent, and (2) from an order of

said court, entered August 6, 2015, which dismissed respondent's application to modify a prior order of supervision.

Respondent (hereinafter the mother) and her husband (hereinafter the father) are the parents of a daughter (born in 2013). In February 2013, petitioner commenced a derivative neglect proceeding against the mother based upon, among other things, 2008 orders of neglect relating to the mother's three other children and subsequent orders terminating her parental rights to two of those other children.[1] Upon consent, the child was adjudicated to have been neglected by the mother. Following a dispositional hearing, Family Court, among other things, directed that the father continue to have custody of the child, placed the mother and the father under petitioner's supervision for a period of 12 months — terminating on October 20, 2014 — and entered orders of protection that prohibited the mother from having contact with the child unless supervised by either petitioner or its designee, which the father was expressly designated, and prohibited the father from allowing the mother unsupervised contact with the child.[2]

In January 2014, the mother filed a petition seeking to modify the order of supervision to allow her unsupervised visitation with the child, and, beginning in June 2014, a combined hearing was held on this application and other pending petitions relating to three of the mother's other children.[3]

---

[1] In October 2013, this Court reversed the orders of termination relating to two of the mother's other children (Matter of Dakota F. [Angela F.], 110 AD3d 1151 [2013], lv denied 22 NY3d 1015 [2013]).

[2] Family Court's written order of fact-finding and disposition was issued on July 1, 2014 — roughly eight months after the conclusion of the dispositional hearing and bench decision.

[3] The mother's appeals from Family Court's orders resolving the mother's petitions as to her other children are decided

During the pendency of the hearing, petitioner applied for an extension of its period of supervision over the mother and the father and, at an October 15, 2014 hearing date, Family Court took "notice" of all the evidence that had been presented as of that date and, despite the mother's objections, found that there was good cause to extend petitioner's supervision.[4]  In an order dated July 24, 2015 and entered July 27, 2015, Family Court granted petitioner's application and extended the period of supervision for 12 months, with such period of supervision dating back to the October 15, 2014 hearing date so as to expire on October 14, 2015.  The combined hearing continued through March 2015, at which time the proof on all pending petitions was concluded.  On June 26, 2015, roughly 17 months after the mother had filed her application for unsupervised contact with the child, Family Court rendered a bench decision denying the mother's application, and a written decision and order was subsequently entered on August 6, 2015.  The mother appeals from the orders entered on July 27, 2015 and August 6, 2015.[5]

The July 27, 2015 order extending the period of petitioner's supervision expired by its own terms in October 2015 and has been since superseded by subsequent orders extending supervision and, thus, the mother's appeal from this order must

herewith (Matter of Angela F. v St. Lawrence County Dept. of Social Servs., ___ AD3d ___ [decided herewith]; Matter of Angela F. v Gail WW., ___ AD3d ___ [decided herewith]).

[4]  The father consented to the relief sought by petitioner.

[5]  To the extent that the mother appeals from Family Court's bench decision denying her application for unsupervised contact with the child and misstates the date of entry on her notices of appeal from Family Court's order extending petitioner's supervision, we overlook any such errors in the exercise of our discretion and treat the notices of appeal as valid (see CPLR 5520 [c]; Matter of Neroni v Granis, 121 AD3d 1312, 1314 n 1 [2014], appeal dismissed 25 NY3d 957 [2015]; Matter of Joshua UU. [Jessica XX.–Eugene LL.], 81 AD3d 1096, 1097 n 2 [2011]).

be dismissed as moot (see Matter of Cheyenne BB. [Kimberly CC.], 129 AD3d 1164, 1164 [2015]; Matter of Blaize F., 55 AD3d 974, 975 [2008]).  The mother's appeal from the August 6, 2015 order is also moot (see generally Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714 [1980]).  Family Court issued orders of protection in March 2016 directing petitioner to, upon satisfaction of certain conditions, take steps toward allowing the mother unsupervised contact with the child.[6]  Accordingly, the mother's appeal from this order must also be dismissed.

Egan Jr., J.P., Lynch, Rose and Aarons, JJ., concur.


ORDERED that the appeals are dismissed, as moot, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court

---

[6]  We were advised at oral argument that the father's supervision of the mother's contact with the child has been "lifted."