Matter of King H. (Shaquille H.) (2019 NY Slip Op 09333)





Matter of King H. (Shaquille H.)


2019 NY Slip Op 09333


Decided on December 26, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 26, 2019

527279

[*1]In the Matter of King H., Alleged to be a Neglected Child. Schenectady County Department of Social Services, Respondent; Shaquille H., Appellant, et al., Respondent.

Calendar Date: November 19, 2019

Before: Egan Jr., J.P., Lynch, Clark and Pritzker, JJ.


Matthew C. Hug, Albany, for appellant.
Schenectady County Department of Social Services, Schenectady (Samantha H. Miller of counsel), for Schenectady County Department of Social Services, respondent.
Andrew J. Healey, Schenectady, attorney for the child.



Pritzker, J.
Appeal from an order of the Family Court of Schenectady County (Burke, J.), entered July 27, 2018, which, in a proceeding pursuant to Family Ct Act article 10, temporarily removed the subject child from respondent Shaquille H.'s custody.
Respondent Shaquille H. (hereinafter respondent) is the father of the subject child (born in 2018). In July 2018, after petitioner filed a prepetition application for temporary removal pursuant to Family Ct Act § 1022, the child was placed in petitioner's care and custody pursuant to a decision of Family Court determining that the child would be in imminent danger if he continued to be in respondent's care and custody. That same day, the court issued a temporary order of protection against respondent and in favor of the child, allowing respondent visitation with the child as deemed appropriate by petitioner and under petitioner's supervision. Petitioner thereafter commenced this neglect petition against respondent [FN1] asserting, among other things, that it would be contrary to the child's best interests to return him to respondent because he failed to provide the child with proper care. Family Court entered an order continuing the child's temporary removal and placement. Respondent appeals.[FN2]
Following the issuance of the appealed-from order, respondent requested a Family Ct Act § 1028 hearing to determine whether the child should be returned to him. Family Court (Polk, J.) held an evidentiary hearing, after which it continued the temporary removal of the child. Accordingly, this appeal is moot because any decision from this Court "would not result in immediate and practical consequences" (Matter of Peter T. [Shay S.P.], 173 AD3d 1043, 1045 [2019] [internal quotation marks and citation omitted]; see generally Matter of Cheyeanne E. [Scott E.], 154 AD3d 1206, 1206-1207 [2017]; Matter of Bruce P., 138 AD3d 864, 865 [2016]; Matter of Angelique L., 42 AD3d 569, 570-571 [2007]).
Egan Jr., J.P., Lynch and Clark, JJ., concur.
ORDERED that the appeal is dismissed, as moot, without costs.



Footnotes

Footnote 1: The proceeding was also brought against the child's mother, but she did not appear on the petition.

Footnote 2: We exercise our discretion to treat the notice of appeal as challenging Family Court's July 27, 2018 order, despite the inaccurate description stating that it is an appeal from the bench decision rendered on July 18, 2018, which is not otherwise appealable (see CPLR 5512 [a]; Family Ct Act § 1112; Matter of Angela F. v Gail WW., 146 AD3d 1248, 1250 n 2 [2017]).