Matter of Coryn XX. v Brian XX. (2020 NY Slip Op 07261)





Matter of Coryn XX. v Brian XX.


2020 NY Slip Op 07261


Decided on December 3, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 3, 2020

529765

[*1]In the Matter of Coryn XX., Appellant,
v
Brian XX., Respondent.

Calendar Date: October 14, 2020

Before: Garry, P.J., Egan Jr., Lynch, Clark and Colangelo, JJ.


Rural Law Center of New York, Castleton (Kelly L. Egan of counsel), for appellant.
Dennis B. Laughlin, Cherry Valley, attorney for the children.



Egan Jr., J.
Appeal from an order of the Family Court of Otsego County (Lambert, J.), entered July 17, 2019, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody and/or visitation.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of two daughters and a son (born in 2001, 2004 and 2005, respectively). On November 19, 2018, Family Court entered a custody and visitation order, on consent of the parties, granting the parents joint legal custody of the children and the father physical placement of the children and providing parenting time to the mother every other Sunday at 6:00 p.m., to be conducted in a public place.[FN1] The order also required the mother to enroll and participate in family counseling sessions with the daughters.[FN2] One week later, on November 26, 2018, the mother appeared as a defendant in Town Court and, as part of said proceedings, the court granted a temporary order of protection in favor of the father and the children that, among other things, required the mother to refrain from contacting the father or the children except as permitted by "a subsequent order issued by a [F]amily or [S]upreme [C]ourt in a custody visitation or child abuse or neglect proceeding." In February 2019, the mother commenced this modification proceeding, seeking, among other things, sole custody of the children, with supervised visitation for the father or, in the alternative, additional parenting time with the children. Following fact-finding and Lincoln hearings, Family Court dismissed the mother's petition, finding that a modification of its prior order was not in the best interests of the children and reinstated its prior November 19, 2018 custody and visitation order. The mother appeals.[FN3] [FN4]
We affirm. A party seeking a modification of a prior order of custody and/or visitation must ordinarily demonstrate that there has been a change in circumstances since entry of the prior order to warrant an analysis as to whether modification thereof would serve the best interests of the children (see Matter of Bonnie AA. v Kiya DD., 186 AD3d 1784, 1786 [2020]). Here, however, Family Court's prior order specifically provided that, should the mother wish to file a subsequent petition seeking "more or different visitation," she would not be required to show a change in circumstances; accordingly, our inquiry shifts to an analysis of the best interests of the children (see Matter of Curtis D. v Samantha E., 182 AD3d 655, 656 [2020]). To that end, Family Court has broad discretion to develop a parenting time schedule that serves the best interests of the children, and such determination will not [*2]be disturbed where it is supported by a sound and substantial basis in the record (see Matter of Jill Q. v James R., 185 AD3d 1106, 1108 [2020]; Matter of Porter-Spaulding v Spaulding, 164 AD3d 974, 974-975 [2018]).
Here, scant evidence was submitted at the fact-finding hearing in support of the mother's modification petition. The mother testified that she is presently unemployed and recently moved into a two-bedroom trailer with her boyfriend. By her own account, other than her recent move, "nothing really" has changed in her or the children's circumstances since entry of the prior order granting her parenting time. The mother acknowledged that her present living situation would require the daughters to share a bedroom and the son to stay on the couch should she be granted such additional visitation, but indicated that she and her boyfriend were currently "trying to find a different place." She offered no details about the nature or quality of the two or three visitations that she was able to engage in with the daughters following entry of the prior order,[FN5] nor did she provide any particulars about her past or present relationship with the children or indicate how she planned on providing for their overall well-being, including their intellectual and emotional development. Further, although the prior order required the mother to enroll and participate in family counseling with the daughters, she admittedly had yet to comply with said obligation.
We are cognizant that the temporary order of protection issued by Town Court just one week after entry of the November 2018 custody and visitation order hindered the mother's ability to exercise parenting time, communicate with the children or otherwise comply with the terms thereof. The fact that the mother has not been able to exercise her parenting time under such circumstances, however, does not, in and of itself, justify a modification of the prior order to provide her with additional parenting time, particularly where, as here, the record is devoid of any other evidence indicating that such a modification is presently in the children's best interests. Contrary to the mother's assertion, it was the issuance of the temporary order of protection that restricted her ability to exercise her parenting time and not any inappropriate or affirmative conduct on the part of the father. By reimplementing the terms of the original November 19, 2019 order, Family Court removed the legal barrier imposed by the temporary order of protection, once again providing the mother with the ability to exercise parenting time with the children, while still providing for, among other things, family counseling sessions between her and the daughters that will hopefully improve communication and strengthen their relationship in light of the changed family dynamics following the breakup of the parents' relationship.[FN6] Should the mother appropriately exercise her scheduled parenting time and [*3]demonstrate her willingness and ability to comply with the conditions imposed by Family Court's prior order, she remains free to file a petition seeking additional visitation at that time. At this point, on the record before us, we are satisfied that there is a sound and substantial basis in the record to support Family Court's determination that a modification of the prior court order is not in the children's best interests (see Matter of Janeen MM. v Jean-Philippe NN., 183 AD3d 1029, 1030 [2020], lv dismissed 35 NY3d 1079 [2020]; Matter of Steven EE. v Laura EE., 176 AD3d 1323, 1325 [2019]).
Garry, P.J., Lynch, Clark and Colangelo, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: The order does not specify the duration of said visitation.

Footnote 2: Family Court provided the son the option of whether to attend the mother's scheduled visitations, and it did not mandate his participation in family counseling sessions.

Footnote 3: The father has not filed a brief in this matter.

Footnote 4: Inasmuch as the oldest child turned 18 during the pendency of this appeal, the mother's appeal as it pertains to the oldest child has been rendered moot (see Matter of Mauro NN. v Michelle NN., 172 AD3d 1493, 1493 n [2019]).

Footnote 5: The mother testified that during one particular visitation at a local fast food restaurant, the children paid for their own meals, but blamed this on both the fact that Family Court's order failed to specify that she had to provide dinner and that the children had not informed her that they were hungry.

Footnote 6: To the extent that the mother contends that the father's testimony demonstrates his continued unwillingness to facilitate visitation in accord with Family Court's order, her remedy lies in the filing of a violation and/or enforcement petition before Family Court should such a circumstance come to pass.