Matter of Jeremy EE. v Stephanie EE. (2021 NY Slip Op 01100)





Matter of Jeremy EE. v Stephanie EE.


2021 NY Slip Op 01100


Decided on February 18, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 18, 2021

529668

[*1]In the Matter of Jeremy EE., Respondent,
v
Stephanie EE., Appellant.

Calendar Date: January 14, 2021

Before: Garry, P.J., Lynch, Clark, Aarons and Colangelo, JJ.


Rural Law Center of New York, Castleton (Kelly L. Egan of counsel), for appellant.
Corrie A. Damulis, Fly Creek, for respondent.
Dennis B. Laughlin, Cherry Valley, attorney for the child.



Clark, J.
Appeal from an order of the Family Court of Otsego County (Lambert, J.), entered July 9, 2019, which partially granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of a daughter (born in 2014). Pursuant to the terms of an April 2018 stipulation, which was subsequently incorporated into an order, the mother had sole legal and primary physical custody of the child, with the father having parenting time with the child as set forth in a 24-week graduated schedule. Under the terms of the stipulation, the 24-week schedule would culminate in the father receiving parenting time on alternate weekends from Saturday at 8:00 a.m. until Sunday at 7:00 p.m., as well as four weekday hours during the alternate week. The stipulation prohibited the father's then girlfriend — now fiancÉe — from being present during the father's parenting time.
In October 2018, the father commenced this Family Ct Act article 6 modification proceeding seeking joint legal custody of the child and an increase in his parenting time. Following a hearing, Family Court partially granted the father's petition by expanding his parenting time. Specifically, Family Court granted the father parenting time on alternate weekends from Friday at 5:00 p.m. through Sunday at 7:00 p.m. and directed the mother and the father to "reasonably share" holidays and school vacations. The court also directed that the father's fiancÉe could be present during the father's parenting time, but that she was not to be left alone with the child and that only the father was permitted to discipline the child. The mother appeals, primarily challenging Family Court's determination that the father's fiancÉe may be present during the father's parenting time.[FN1]
We affirm. Ordinarily, a party seeking to modify a prior order of custody must demonstrate that there has been a change in circumstances since entry of the prior order that warrants an inquiry into whether modification would be in the best interests of the child (see Matter of Coryn XX. v Brian XX., 189 AD3d 1745, 1746 [2020]; Matter of Curtis D. v Samantha E., 182 AD3d 655, 656 [2020]). Here, however, the stipulation specifically provided that the father could petition for a modification of custody after six months without having to demonstrate the requisite change in circumstances. Thus, our focus turns to whether modification was in the child's best interests, an inquiry that requires consideration of, among other factors, the parents' respective home environments, the willingness of each parent to foster a positive relationship between the child and the other parent and each parent's relative fitness, past performances and ability to provide for the child's well-being (see Matter of Dennis F. v Laura G., 177 AD3d 1110, 1112 [2019]; Matter of Aree RR. v John SS., 176 AD3d 1516[*2], 1517 [2019]). "Family Court has broad discretion to develop a parenting time schedule that serves the best interests of the child[], and such determination will not be disturbed where it is supported by a sound and substantial basis in the record" (Matter of Coryn XX. v Brian XX., 189 AD3d at 1746; see Matter of Sabrina B. v Jeffrey B., 179 AD3d 1339, 1340-1341 [2020]).
The evidence demonstrated that the father completed the 24-week graduated parenting time schedule and that there were no concerns about his fitness or ability to provide for the child's well-being. In fact, the mother testified that the father and the child had a good relationship and that she was generally supportive of the child spending more time with the father. In all, the evidence supported Family Court's determination that an expansion of the father's parenting time was in the best interests of the child. The mother, however, expressed concern about the father's fiancÉe being present during the father's parenting time. Such concern was reasonable given evidence of a 2015 indicated Child Protective Services report stemming from allegations that the fiancÉe had inflicted inappropriate forms of punishment on her then stepdaughter. Family Court acknowledged the concerns relating to the father's fiancÉe and, in our view, put reasonable provisions in place to protect the child during the father's expanded parenting time (see Matter of E.D. v D.T., 152 AD3d 583, 584-585 [2017]; Matter of Baker v Blanchard, 74 AD3d 1427, 1429 [2010]). According deference to Family Court's factual findings and credibility determinations, we find that a sound and substantial basis exists to support Family Court's determination to expand the father's parenting time and to permit the father's fiancÉe to be present during such parenting time, provided that she is not left alone with the child and that only the father disciplines the child (see Matter of Aree RR. v John SS., 176 AD3d at 1518; compare Matter of Hoyt v Davis, 145 AD3d 1353, 1354 [2016]). As there is no basis upon which to disturb Family Court's determination, we affirm.
To the extent that we have not addressed any of the mother's contentions, they have been reviewed and found to be without merit.
Garry, P.J., Lynch, Aarons and Colangelo, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: The attorney for the child supports Family Court's determination to expand the father's parenting time and the protective provisions put in place with respect to the fiancÉe.