Matter of Mary Ellen H. v Joseph H. (2021 NY Slip Op 02567)





Matter of Mary Ellen H. v Joseph H.


2021 NY Slip Op 02567


Decided on April 29, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:April 29, 2021

528714
[*1]In the Matter of Mary Ellen H., Petitioner,
v
Joseph H., Appellant. (And Two Other Related Proceedings.)

Calendar Date:March 9, 2021

Before:Lynch, J.P., Clark, Pritzker and Colangelo, JJ.

Samantha H. Miller, Schenectady, for appellant.
Mark J. Gaylord, Schenectady, attorney for the children.



Colangelo, J.
Appeal from an order of the Family Court of Saratoga County (Jensen, J.), entered March 4, 2019, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of two children (born in 2001 and 2005). Pursuant to an August 2014 order of custody, entered on consent, the mother was awarded sole legal custody of the children and the parties shared physical custody on alternating weeks. In September 2017, the mother commenced the first proceeding seeking to modify the prior order by awarding her primary physical custody and continuing with her having sole legal custody of the children. The father answered and filed two petitions, a modification petition seeking an award of sole legal and primary physical custody of the children, and a violation petition. Following a fact-finding hearing on the petitions, Family Court granted the mother's petition, awarding her sole legal and physical custody. The court dismissed the father's petitions and reduced his parenting time to alternate weekends and other specified times as set forth in the order. The father appeals.[FN1] [FN2]
The father contends that Family Court demonstrated bias against him during the fact-finding hearing on the basis of his sexual orientation and religious beliefs and prevented him from presenting his case and defending against the mother's allegations. As the father acknowledges, such claim is unpreserved for appellate review, as the father failed to move for a recusal during the hearing (see Matter of Cameron ZZ. v Ashton B., 183 AD3d 1076, 1080-1081 [2020], lv denied 35 NY3d 913 [2020]).
The father also faults Family Court for failing to conduct a Lincoln hearing. "The determination of whether to hold a Lincoln hearing lies within Family Court's discretion" and such a hearing will not be conducted if it will have a "potential negative impact on the child" (Matter of DeRuzzio v Ruggles, 88 AD3d 1091, 1091-1092 [2011] [internal citation omitted]; see Matter of Jessica B. v Robert B., 104 AD3d 1077, 1078 [2013]). The record reflects that the father's attorney requested that Family Court conduct a Lincoln hearing at the conclusion of the fact-finding hearing. The court indicated that it would take the request into consideration and would also consider the position of the attorney for the children (hereinafter AFC), who stated, "Well, you're not going to get anything from [the older child] at all.[FN3] And that just puts added strain on [the younger child], who's already been destroyed by the battling of these parents."[FN4] The court denied the request, agreeing with the AFC that a Lincoln hearing would only cause more unnecessary stress for the children, particularly since the relevant and available facts were already before the court. When the father's counsel agreed to a Lincoln hearing solely for the younger [*2]child, the court denied the request on the additional basis that the younger child's opinion was heard through the testimony of the parties. We note that the AFC advocated for the wishes of the children by advising the court that the children wanted to spend more time with the father. We do not fault Family Court for opting not to conduct a Lincoln hearing in this matter. "Although a Lincoln hearing is the preferred manner for ascertaining [the] child[ren]'s wishes, such a hearing is not mandatory — particularly where, as here, the record reflects that the hearing itself may do more harm than good" (Matter of Merwin v Merwin, 138 AD3d 1193, 1195 [2016] [internal quotation marks and citations omitted]; see Matter of Brandon E. v Kim E., 167 AD3d 1293, 1295 [2018]; Matter of Imrie v Lyon, 158 AD3d 1018, 1021-1022 [2018]).
Finally, although not raised by the father on this appeal, we find that the inability of the parents to communicate or cooperate rendered the shared physical custody arrangement under the prior order unworkable, providing the requisite change in circumstances to trigger the need for a best interests analysis. The record is replete with instances in which, despite the mother having sole legal custody of the children pursuant to the prior order, the father frequently usurped the mother's decision-making authority by making, or attempting to make, unilateral decisions regarding the children (see Matter of Sue-Je F. v Alan G., 166 AD3d 1360, 1362 [2018]; Matter of Perry v Leblanc, 158 AD3d 1025, 1027 [2018]). After considering the proof presented and according deference to Family Court's credibility and factual determinations, we are satisfied that a sound and substantial basis in the record exists for the conclusion that it is in the younger child's best interests for the mother to have sole legal and primary physical custody (see Matter of Anthony YY. v Emily ZZ., 189 AD3d 1924, 1925 [2020]; Matter of Michael Q. v Peggy Q., 179 AD3d 1329, 1331-1332 [2020]).
Lynch, J.P., Clark and Pritzker, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: As the older child turned 18 in 2019, the father's challenges to Family Court's March 2019 order with respect to this child have been rendered moot (see Matter of Coryn XX. v Brian XX., 189 AD3d 1745, 1745 [2020]).

Footnote 2: The mother did not appear on this appeal.

Footnote 3: The record reflects that the older child was diagnosed with autism and had great difficulty with verbal communication.

Footnote 4: In his brief, the AFC changed his position from that stated at the fact-finding hearing and joins in the father's request for remittal of the matter for a Lincoln hearing.