Matter of Evelyn EE. v Jody CC. (2023 NY Slip Op 06782)

Matter of Evelyn EE. v Jody CC.

2023 NY Slip Op 06782

Decided on December 28, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 28, 2023

535570
[*1]In the Matter of Evelyn EE., Appellant,
v
Jody CC., Respondent. (Proceeding No. 1.) (And Two Other Related Proceedings.)
In the Matter Jody CC., Respondent,
v
Evelyn EE., Appellant. (Proceeding No. 4.)
In the Matter of Shakeira E., Respondent,
v
Evelyn EE., Appellant. (Proceeding No. 5.)

Calendar Date:November 17, 2023

Before:Garry, P.J., Egan Jr., Aarons, Pritzker and Reynolds Fitzgerald, JJ.

Paul J. Connolly, Delmar, for appellant.
Timothy S. Brennan, Albany, for Jody CC., respondent.
Karen R. Crandall, Schenectady, for Shakeira E., respondent.
Alexandra G. Verrigni, Rexford, attorney for the children.

Reynolds Fitzgerald, J.
Appeal from an order of the Family Court of Schenectady County (Mark W. Blanchfield, J.), entered March 11, 2022, which, among other things, dismissed petitioner's applications, in proceedings Nos. 1-3 pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.
Evelyn EE. (hereinafter the mother) is the mother of the children who are the subjects of these proceedings (born in 2005,[FN1] born in 2010 [hereinafter the oldest child], born in 2013 [hereinafter the middle child] and born in 2014 [hereinafter the youngest child]). In previous proceedings, sole legal and primary physical custody of the oldest child and the youngest child was granted to the mother's sister (hereinafter the aunt), and sole legal and primary physical custody of the middle child was awarded to Jody CC. (hereinafter the friend). Pursuant to a 2019 order, Family Court (Blanchfield, J.) awarded the mother 1½ hours supervised weekly parenting time with the children.
In December 2020, the aunt died, and the mother filed a modification petition seeking sole legal and primary physical custody of the children in the late aunt's custody. A few days later, the mother filed a second modification petition seeking sole legal and primary physical custody of the child in the friend's custody. The mother's niece, Shakeira E. (hereinafter the niece),[FN2] then filed a cross-petition seeking custody of the children that had been in the aunt's custody and, in so doing, alleged that the mother was unfit due to her mental health and substance abuse issues. Finally, the friend, who had custody of the middle child, filed a modification petition seeking to eliminate or reduce the mother's parenting time with that child, alleging that the mother was inconsistent in exercising her parenting time and telephone contact with the child. In January 2021, Family Court issued a temporary order granting the niece primary custody of the oldest child and the youngest child and the mother telephone/electronic contact with the children on Wednesday and Thursday evenings. The petitions were all consolidated for a fact-finding hearing and a Lincoln hearing. Thereafter, Family Court dismissed the mother's petitions and entered an order, as relevant here, granting sole legal and primary physical custody of the oldest child and the youngest child to the niece, sole legal and primary physical custody of the middle child to the friend and reducing the mother's supervised parenting time to 1½ hours per month and once a month telephone contact with the children/child in each household, with the call lasting not more than 15 minutes. The mother appeals, and we affirm.[FN3]
The mother contends that Family Court should not have relied on the prior judicial determinations of extraordinary circumstances because the niece was not a party in the prior proceedings.[FN4] Extraordinary circumstances is the principle applied to overcome the parental preference that a parent has a superior right to raise his or her child [*2]over that of a nonparent (see Matter of Guinta v Doxtator, 20 AD3d 47, 50-51 [4th Dept 2005]). The focus is on the parent, not the nonparent, and it is immaterial that the niece was not involved in the earlier proceedings. Thus, given that the mother's preferred status as the birth parent has already been lost by a 2013 Family Court (Clark, J.) determination of extraordinary circumstances as to the oldest child and a 2015 Family Court (Skoda, J.) determination as to the middle child and the youngest child, the niece and the friend were not required to prove the existence of extraordinary circumstances. Accordingly, the issues before the Court are whether there has been a change in circumstances since the 2019 order and, if so, whether the best interests of the children would be served by a modification of that order (see Matter of Bonnie AA. v Kiya DD., 186 AD3d 1784, 1786 [3d Dept 2020], lv dismissed & denied 36 NY3d 933 [2020]; Matter of Ray v Eastman, 117 AD3d 1114, 1114 [3d Dept 2014]).
With regard to the modification petitions filed by the mother and the niece, it is undisputed that the death of the aunt constituted a change in circumstances as to the oldest child and the youngest child. As to the friend's modification petition, the quality of the contact between the mother and the middle child, the mother's inconsistent physical and telephone contact and eventual cessation of physical contact with the child as of September 2019, demonstrate the requisite change in circumstances regarding the middle child (see Matter of Adam OO. v Jessica QQ., 176 AD3d 1418, 1419 [3d Dept 2019]; Matter of Nathaniel V. v Kristina W., 173 AD3d 1308, 1310 [3d Dept 2019]).
The analysis now turns to what custodial arrangement will further the children's best interests. Relevant factors in that analysis include maintaining stability in the children's lives, the quality of the respective home environments, the length of time the present custody arrangement has been in place and each party's past performance, relative fitness and ability to provide for and guide the children's intellectual and emotional development (see Matter of Jared MM. v Mark KK., 205 AD3d 1084, 1087 [3d Dept 2022]; Matter of Bonnie AA. v Kiya DD.,186 AD3d at 1786).
As to the niece, the evidence established that she had resided in the same household with the children since they were very young and had always maintained an active presence in their lives. She testified that the children are like sisters to her. After the niece reached adulthood and moved out of the aunt's household, she continued to be a steady presence in the children's lives by visiting the household frequently and taking the children to medical appointments, activities and the facility for supervised parenting time with the mother. The niece has a three-bedroom apartment and, since the temporary order was issued, has been actively involved in the children's schooling, counseling and all facets of their lives.
As for the friend[*3], she has had uninterrupted legal and primary physical custody of the middle child since the child was a toddler. She has exclusively provided for the child's medical, educational and overall well-being since December 2013. The niece and the friend are in constant contact and make every effort to have the children visit one another every couple of weeks.
In contrast, the mother testified that she has been diagnosed with depression, PTSD, ADHD and anxiety and that her mental health has not changed from prior proceedings. The mother's rambling and incredulous testimony of events in her life effectively illustrate her current mental health. Additionally, the mother ratified that she has not had physical contact with the children since September 2019 and has never achieved unsupervised or overnight parenting time with the children. Moreover, she did not take responsibility for her lack of contact with the children and instead blamed the custodial parties, which is belied by the record. Since the temporary order, the mother has been inconsistent in her telephone contact with the children. And finally, she is seeking custody of three children and yet lives in a one-bedroom apartment. Deferring to credibility determinations made by Family Court (Blanchfield, J.), given the bond that exists between the children and the niece and the friend, and the mother's demonstrated lack of the ability to provide for the children's well-being and needs, we find a sound and substantial basis in the record for awarding the niece and the friend sole legal and primary physical custody of the respective children (see Matter of Sonya M. v Tabu N., 198 AD3d 1206, 1210 [3d Dept 2021], lvs denied 38 NY3d 901 [2022], 38 NY3d 902 [2022]; Matter of Tasha AA. v Tammy DD., 178 AD3d 1306, 1310 [3d Dept 2019]).
The mother next contends that the reduction in her parenting time lacks a sound and substantial basis in the record. We disagree. "Family Court has broad discretion to develop a parenting time schedule that serves the best interests of the child[ren], and such determination will not be disturbed where it is supported by a sound and substantial basis in the record" (Matter of Jeremy EE. v Stephanie EE., 191 AD3d 1111, 1112 [3d Dept 2021] [internal quotation marks and citations omitted]; see Matter of Nicole Y. v Joshua X., 183 AD3d 996, 997 [3d Dept 2020]). The mother's lengthy lack of physical contact with the children, coupled with her inconsistent telephone contact, has confused and negatively impacted the children — especially two of the children who have ADHD and require more structured schedules. Although not determinative, the attorney for the children advocated for the reduced parenting time schedule and seeks to affirm the order on appeal.[FN5] We find that Family Court's determination to reduce the mother's supervised parenting time was supported by a sound and substantial basis in the record (see Matter of Lynn X. v Donald X., 162 AD3d 1276, 1278 [3d Dept 2018]; Matter [*4]of Vincente X. v Tiana Y., 154 AD3d 1113, 1115 [3d Dept 2017]). To the extent not expressly addressed herein, the mother's remaining contentions have been considered and found to be without merit.
Garry, P.J., Egan Jr., Aarons and Pritzker, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: The oldest child turned 18 during the pendency of this appeal and therefore any issues of custody or visitation with respect to this child are moot (see Matter of Leslie LL. v Robert NN., 208 AD3d 1479, 1480 n [3d Dept 2022]).

Footnote 2: The niece is the daughter of the late aunt who had custody of the oldest child and the youngest child.

Footnote 3: The mother's notice of appeal incorrectly indicates that the order appealed from was entered on March 10, 2022 and awarded joint legal custody of the children to the mother and the niece/friend. Family Court entered a superseding order on March 11, 2022 changing the grant of joint legal custody to sole. However, as there is no confusion that the order being appealed from is the March 11, 2022 order granting sole legal custody to the niece and the friend, we exercise our discretion to deem the premature notice of appeal as valid (see CPLR 5520 [c]; Matter of Jamie UU. v Dametrius VV., 196 AD3d 759, 760 n 1 [3d Dept 2021]; Matter of Abigail QQ. [Angela F.], 146 AD3d 1252, 1253 n 5 [3d Dept 2017]).

Footnote 4: The Court notes that the mother stipulated to Family Court taking judicial notice of these prior determinations of extraordinary circumstances.

Footnote 5: The attorney for the children also advocates to affirm Family Court's determination to grant the niece and the friend sole legal and primary physical custody of the children.