■ In the Matter of JANICE L. MURDOCK, Respondent, v EDDIE L. MURDOCK, Appellant.—In a family offense proceeding pursuant to Family Court Act article 8, Eddie L. Murdock appeals from an order of the Family Court, Suffolk County (Freundlich, J.), dated July 17, 1990, which, after a hearing, found him in violation of an order of protection dated April 30, 1990, and sentenced him to a term of 6 months imprisonment.

Ordered that the order is affirmed, with costs.

On July 16, 1990, the appellant failed to appear in court on time for a scheduled hearing of the matter. As a result, the court issued a warrant for his arrest. By the time the respondent finally appeared at 9:50 A.M. the petitioner had left. The appellant tried to explain to the court that it was not his fault for being late. In response, the court stated, inter alia: "You have to be here on time. Your wife was here. She missed a day. She already left. There is a warrant for your arrest. You have violated the order of protection."

The hearing was held the next day. After a hearing, the court determined that the appellant was in violation of an order of protection dated April 30, 1990. The appellant contends that the Family Court deprived him of a fair hearing by prejudging him to have willfully violated the order of protection. We disagree. The challenged statement was an inartful statement of the status of the case, and other statements made at the hearing by the court indicate that it had not prejudged the matter. In fact, there is no evidence on this record which would demonstrate that the court acted in a biased manner.

Further, the Family Court's order finding the appellant in violation of the order of protection was not against the weight of the evidence. Resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primar-

ily questions to be determined by the trier of fact, who saw and heard the witnesses, and, necessarily, is in a superior position to judge veracity than an appellate court, which reviews merely the printed record *(see, Kincade v Kincade,* 178 AD2d 510). Where as here, the determination of the trier of fact is supported by a fair interpretation of the evidence, it will not be disturbed *(see, Feeney v Booth Mem. Med. Center,* 109 AD2d 865, 866).

We have reviewed the appellant's remaining contentions and find them to be without merit. Bracken, J. P., Sullivan, Eiber and Pizzuto, JJ., concur.