■ In the Matter of CARISSA WOODROW, Appellant, v MICHAEL ARNOLD, Respondent. (Proceeding No. 1.) In the Matter of MICHAEL ARNOLD, Respondent, v CARISSA WOODROW, Appellant. (Proceeding No. 2.) [53 NYS3d 381]—

Clark, J. Appeal from an order of the Family Court of Rensselaer County (Cholakis, J.), entered March 2, 2015, which, among other things, granted petitioner's application, in proceeding No. 2 pursuant to Family Ct Act article 6, to modify a prior order of custody.

---

Pursuant to an August 2013 consent order, Carissa Woodrow (hereinafter the mother) and Michael Arnold (hereinafter the father) had joint legal custody and shared physical custody of their son (born in 2009). In May 2014, after the father moved to a new school district, the mother commenced the first of these proceedings seeking to modify the physical custody arrangement in the prior custody order on the basis that the parties could not agree upon the school district in which to enroll the child for kindergarten and that the father often worked on Friday afternoons when he had physical custody of the child. The father thereafter filed a cross petition alleging, among other things, that it was in the child's best interests to attend school in his district.

On January 22, 2015, the date on which the matter was scheduled for a hearing, the parties reported to Family Court that they had resolved all outstanding issues, except for their dispute over a 2½ hour block of time on the Fridays that the father had physical custody of the child. The court responded that, "if we have a trial, everything is opened up and I don't know what the other issues are." The mother's counsel replied, "[W]e've agreed to all the other issues." The father's counsel then advised that, despite some initial hesitancy as to where the child went to school, "the year ha[d] gone well [and] the child [was] doing well." The colloquy continued, with Family Court inexplicably cautioning that, if the parties did not fully settle the case, it would consider directing that the child be enrolled in private school—an option neither party proposed or desired, and which the court had characterized as "[o]utrageously expensive." Counsel for the mother eventually reiterated that they were "prepared to go forward on the trial on th[e] two-hour [pick-up] issue . . . , with everything else being resolved." The father's counsel responded, "likewise." Family Court, however, persisted, stating, "If I'm going to sit here and we're gonna [sic] hear testimony, I want to hear it all." After a brief recess, counsel informed the court that the pick-up issue remained in dispute. The court stated, "We're trying it on the whole issue of where is this child going to school and whether or not there were violations of the order of custody." A hearing on all matters then ensued at the insistence of Family Court.

Following a hearing, at which only the parties testified, Family Court, among other things, modified the prior custody order by deeming the father "the primary residential custodian of the subject child for purposes of school enrollment" and directing that the father could enroll the child in school in his district for the 2015-2016 school year. The mother appeals.

The mother challenges Family Court's order as not supported by a sound and substantial basis in the record. "A parent seeking to modify an existing custody order first must demonstrate that a change in circumstances has occurred since the entry thereof that is sufficient to warrant the court undertaking a best interests analysis in the first instance; assuming this threshold requirement is met, the parent then must show that modification of the underlying order is necessary to ensure the child's continued best interests" (*Matter of Menhennett v Bixby*, 132 AD3d 1177, 1179 [2015]; *accord Matter of Ryan v Lewis*, 135 AD3d 1135, 1136 [2016]; *see Matter of Normile v Stalker*, 140 AD3d 1233, 1234 [2016]). Here, although Family Court did not make any express findings relative to a change in circumstances, this Court's authority in custody cases is as broad as that of Family Court and, therefore, we may review the record and make an independent determination as to whether the requisite showing of a change in circumstances was made (*see Matter of Crystal F. v Ian G.*, 145 AD3d 1379, 1380-1381 [2016]; *Matter of Joseph Q. v Jessica R.*, 144 AD3d 1421, 1422 [2016]; *Matter of Williams v Rolf*, 144 AD3d 1409, 1411 [2016]). Having conducted such independent review, we find that, because the parties now reside in different school districts, the child has reached school age and the prior consent order did not address where the child would attend school, there was a change in circumstances warranting inquiry into whether the child's best interests would be served by a modification of the shared physical custody arrangement set forth in the prior order (*see Matter of Nelson v Perea*, 118 AD3d 1057, 1058 [2014]; *Matter of Hughes v Hughes*, 80 AD3d 1104, 1104 [2011]; *Ehrenreich v Lynk*, 74 AD3d 1387, 1390 [2010]).

As to the child's best interests, the scant record evidence does not provide a sound and substantial basis to support Family Court's modification of the prior order, which permitted the father to change the child's school. The parties agreed that the child was doing "well" in kindergarten in the mother's school district, and the record demonstrated that the child's aunt worked at the child's school. There was no testimony as to the child's individual educational and social needs or how the programs and courses offered by each school could particularly benefit the child. Nor was there any testimony whatsoever as to the impact that a disruption in schools could have on the child. In short, the record evidence was wholly insufficient on the issue of the child's best interests and, thus, Family Court's modification is not supported by a sound and substantial basis in the record (*see Matter of Kathleen LL. v Christopher I.*, 135 AD3d 1084, 1086 [2016]). Accordingly, the matter must be

remitted for a new hearing, including the possibility of a *Lincoln* hearing if the parties cannot now agree on a resolution.

Under the circumstances of this case, such further proceedings must be held before a different judge. The scenario created by the judge is troubling, for Family Court was repeatedly informed by all counsel prior to the hearing that the parties had settled the key dispute as to where the child would attend school and yet insisted on an all-or-nothing resolution. As a basic premise, the parties may, and are encouraged to, resolve custody issues, subject to the supervisory powers of the court to assure that the agreement is in the child's best interests (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; Domestic Relations Law §§ 236 [B] [3]; 240 [1] [a]; Alan D. Scheinkman, Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law § 240, C240:17 at 278; C240:22 at 305). Family Court abused its discretion by not accepting the parties' resolution to continue the child's enrollment in the mother's school district when there was no evidence that such agreement was not in the child's best interests. At the time, the attorney for the child supported the parties' proposed agreement. Moreover, the court's concern that the mother violated the prior joint custody order by enrolling the child in the kindergarten program, without first informing the father, was unwarranted. No such violation was asserted by the father, and the mother endeavored to explain several times, without contradiction, that since the child had attended the pre-kindergarten program in her school district, the district continued the child's enrollment in the kindergarten program. For these reasons, a new judge must be assigned upon remittal. Pending such further proceedings, the terms of the March 2015 order shall remain in effect as a temporary order.

Finally, we find the mother's remaining argument of ineffective assistance of counsel to be without merit.

Garry, J.P., Lynch, Mulvey and Aarons, JJ., concur. Ordered that the order is reversed, on the law, without costs, matter remitted to the Family Court of Rensselaer County for further proceedings not inconsistent with this Court's decision before a different judge, and, pending said proceedings, the terms of said order shall remain in effect on a temporary basis.