■ In the Matter of TRACEY L. ROSENKRANS, Respondent, v BARRY A. ROSENKRANS, Appellant. [62 NYS3d 216]—

Clark, J. Appeal from an order of the Family Court of Broome County (M. Young, J.), entered May 25, 2016, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.

In January 2013, petitioner (hereinafter the mother) and respondent (hereinafter the father) entered into a stipulation that was subsequently incorporated, but not merged, into their March 2013 judgment of divorce. Pursuant to the stipulation, the parties had joint legal custody and nearly equal physical custody of their son (born in 2007), with the child's primary residence with the mother. Specifically, the mother had physical custody of the child on Mondays and Tuesdays, the father had physical custody of the child on Wednesdays and Thursdays and they rotated physical custody of the child on alternate weekends. The stipulation further provided that, because "questions ha[d] been raised as to whether a [split physical custody] arrangement w[as] . . . in the best interests of the[ ] child," either parent could petition for a modification of custody or visitation without a change in circumstances.

In July 2015, the mother commenced this Family Ct Act article 6 proceeding seeking to modify the physical custody arrangement by reducing the father's parenting time to alternate weekends and setting a specific holiday and summer schedule. Following a hearing and a *Lincoln* hearing, Family Court granted the mother's petition and entered an order which, among other things, continued joint legal custody, granted the father parenting time with the child on alternate weekends from Friday at 4:00 p.m. until Sunday at 7:30 p.m. and on Wednesday evenings from 4:00 p.m. until 7:30 p.m. and directed that the parties have physical custody of the child on holidays and during the child's summer break pursuant to an agreed-upon schedule. The father now appeals, arguing that Family Court's determination to substantially reduce his parenting time lacks a sound and substantial basis in the record.

As the parents agreed in their 2013 stipulation that either parent could seek a modification of the custody arrangement without establishing a change in circumstances, the mother was not required to satisfy that threshold burden (*see Matter of Mayo v Mayo*, 63 AD3d 1207, 1208 [2009]; *Matter of Studenroth v Phillips*, 230 AD2d 247, 249 [1997]). Turning to the best interests of the child, Family Court must consider, among other factors, each parent's willingness and ability to foster a positive relationship between the child and the other parent, the need to maintain stability in the child's life, the parents' respective home environments, the child's needs and the parents' past performance and ability to provide for the child's well-being (*see Matter of Williams v Williams*, 151 AD3d 1307, 1309 [2017]; *Matter of Angela N. v Guy O.*, 144 AD3d 1343, 1345 [2016]; *Matter of Hissam v Mackin*, 41 AD3d 955, 956 [2007], *lv denied* 9 NY3d 809 [2007]). Family Court is afforded wide discretion in crafting a parenting time schedule in the best interests of the child and, unless such determination lacks a sound and substantial basis in the record, it will not be disturbed (*see Lo Presti v Lo Presti*, 40 NY2d 522, 527 [1976]; *Matter of Williams v Williams*, 151 AD3d at 1308-1309; *Matter of Seeley v Seeley*, 119 AD3d 1164, 1166 [2014]).

It is evident from the record that, although they have different parenting styles, each parent is loving, capable and dedicated to promoting the child's overall growth, development and well-being. Indeed, Family Court recognized that both parents, understandably, "wished to maximize their time with the child." However, Family Court also found that the frequency with which the child changed households during the school

week was not in the child's best interests, particularly given the child's diagnosis of attention deficit hyperactivity disorder. Family Court's finding in this regard is amply supported by the record. Each parent acknowledged the child's attention deficit hyperactivity disorder diagnosis and the importance of maintaining a routine for the child and consistently administering his medication. Further, the mother testified that the child was occasionally tardy to school when he was in the father's custody and that she noticed a change in the child's behavior following the father's parenting time. Although the father asserted that the tardiness issue had abated and that the child was thriving under the prior schedule, Family Court clearly credited the mother's testimony concerning the difficulties and problems with that arrangement. Upon our review of the record, and according due deference to Family Court's credibility determinations (see Matter of Emmanuel SS. v Thera SS., 152 AD3d 900, 902 [2017]), we find a sound and substantial basis in the record to support Family Court's determination that the prior split physical custody schedule was not in the child's best interests (see Matter of Cuozzo v Ryan, 307 AD2d 414, 415 [2003]).

Having determined that the prior schedule was no longer workable in the best interests of the child, Family Court was placed in the difficult position of trying to fashion a parenting time schedule that provided the child with continuity of household during the school week and also afforded each parent substantial time with the child on nonschool days. This task was made more challenging by the father's refusal to recognize or acknowledge the problems with the prior schedule, despite his testimony that routine and stability were important for the child, and his failure to propose alternatives that would address the child's need for continuity.[1] Notwithstanding the father's shortcomings in this regard, Family Court simply adopted the mother's proposal that the father receive parenting time on alternate weekends and Wednesday evenings, with no perceivable consideration given to whether such a drastic reduction of the father's time was in the child's best interests.[2] Family Court made no finding that it was not in the child's best interests to spend time with the father. Nor did the mother or the attorney for the child take that position. As such, and considering "the general policy favoring frequent and regular

---

1. The father also failed to offer alternative schedules on appeal.

2. Family Court, however, laudably accepted the parents' stipulation regarding certain holidays and vacations during the child's summer break (compare Matter of Woodrow v Arnold, 149 AD3d 1354, 1357 [2017]).

access by the noncustodial parent," we find that the degree to which Family Court reduced the father's parenting time lacks a sound and substantial basis in the record (*Matter of Terry I. v Barbara H.*, 69 AD3d 1146, 1149 [2010]; *see Matter of Jennifer G. v Benjamin H.*, 84 AD3d 1433, 1434 [2011]; *Matter of Laware v Baldwin*, 42 AD3d 696, 697 [2007]).[3]

Rather than adopt the mother's proposal wholesale, Family Court should have been more creative in crafting a schedule that minimized the reduction of the father's parenting time with the child, to allow for more substantial contact with the child, while also ensuring that the child had stability and routine during the school week. This could have been achieved by various means, which could possibly include awarding the father additional parenting time on weekends, over holidays that were not accounted for in the parties' stipulation (e.g., Martin Luther King Jr. Day, Columbus Day, Veterans' Day, New Year's Day, Presidents' Day), during school breaks and/or over the summer (e.g., additional summer weekday time, a week on/week off summer schedule or additional weeks of vacation). Given the passage of time since entry of the order from which the father appeals, and because the record is, unfortunately, not sufficiently complete to permit this Court to fashion the necessary modification of the father's parenting time (*compare Matter of Gentile v Warner*, 140 AD3d 1481, 1483 [2016]; *Ehrenreich v Lynk*, 74 AD3d 1387, 1390 [2010]), we are constrained to remit the matter to Family Court for such a determination, rendered after receiving additional proof, if necessary.

McCarthy, J.P., Lynch, Aarons and Pritzker, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as limited respondent's parenting time to alternate weekends and Wednesday evenings; matter remitted to the Family Court of Broome County for further proceedings not inconsistent with this Court's decision, and, pending such further proceedings, the parenting schedule in said order shall remain in effect on a temporary basis; and, as so modified, affirmed.

---

**3.** Contrary to the father's contention, we do not find that Family Court prejudged this case before hearing the evidence, although we caution the court that it would have been wise to have been more careful in its word choice when attempting to encourage the parties to settle the matter themselves (*see Matter of Murdock v Murdock*, 183 AD2d 769, 769 [1992]).