Matter of Mauro NN. v Michelle NN. (2019 NY Slip Op 03423)





Matter of Mauro NN. v Michelle NN.


2019 NY Slip Op 03423


Decided on May 2, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 2, 2019

526720

[*1]In the Matter of MAURO NN., Appellant,
v
MICHELLE NN., Respondent.

Calendar Date: March 22, 2019

Before: Garry, P.J., Mulvey, Aarons, Rumsey and Pritzker, JJ.


Philip J. Vecchio, East Greenbush, for appellant.
Jo M. Katz, Troy, attorney for the children.



MEMORANDUM AND ORDER
Aarons, J.
Appeal from an order of the Family Court of Rensselaer County (E. Walsh, J.), entered August 8, 2017, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of three children (born in 2000, 2004 and 2006). The parties shared joint legal custody of the children pursuant to a January 2017 order entered on consent with the mother having primary physical custody and the father having visitation on certain weekends. The January 2017 order also directed, among other things, that the father complete anger management and co-parenting counseling. The father commenced this proceeding to modify the January 2017 order and a hearing was held. During the father's case-in-chief, Family Court interrupted the cross-examination of the father and, on its own motion, dismissed his petition for failure to make a prima facie case. The court specifically noted that the father failed to show that he engaged in anger management counseling as required by a prior court order. This dismissal was embodied in an August 2017 order, from which the father now appeals.[FN1]
We conclude that Family Court erred when it dismissed the petition on its own motion on the basis that the father failed to prove a prima facie case. In view of the January 2017 order providing that either party could seek to modify it without having to demonstrate a change in circumstances, the father was not required, as a threshold matter, to show a change in circumstances to warrant a best interests examination (see Matter of Rosenkrans v Rosenkrans, 154 AD3d 1123, 1124 [2017]; Matter of Andrea CC. v Eric DD., 132 AD3d 1028, 1029 [2015]). As such, the sole issue for the court was what custody arrangement would serve the best interests [*2]of the children (see Matter of Rosenkrans v Rosenkrans, 154 AD3d at 1124). That said, custody determinations generally should be made after a full and plenary hearing (see S.L. v J.R., 27 NY3d 558, 563 [2016]; Matter of Richardson v Massey, 127 AD3d 1277, 1278 [2015]).
At trial, the father submitted evidence concerning the amount of the middle child's "illegal tardies" at school, as well as disciplinary issues with him. The father also testified about instances where he had been denied his visitation with the children by the mother. In dismissing the petition on its own motion, however, Family Court relied solely on the fact that the father failed to comply with those parts of the January 2017 order directing him to complete certain counseling. The extent to which the father failed to comply with such dictates is certainly one factor to be considered in the best interests analysis (cf. Matter of Hess v Hess, 243 AD2d 763, 765 [1997]). The court, however, erroneously treated this as the sole dispositive factor (see Matter of Lionel PP. v Sherry QQ., 170 AD3d 1460, 1462 [2019]). Furthermore, the record is not sufficiently developed to allow us to make an independent determination given that the court dismissed the father's petition in the midst of his case-in-chief and the mother was not given the opportunity to controvert the father's proof. Accordingly, the matter must be remitted for a new hearing on the father's petition with respect to the two younger children. Based upon our determination herein, the father's remaining assertions are academic.
Garry, P.J., Mulvey, Rumsey and Pritzker, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Rensselaer County for further proceedings not inconsistent with this Court's decision.



Footnotes

Footnote 1: Given that the oldest child turned 18 years old during the pendency of this appeal, the father's appeal insofar as it pertains to the oldest child is moot (see Matter of Troy SS. v Judy UU., 140 AD3d 1348, 1350 [2016], lv denied 28 NY3d 902 [2016]; Matter of Hayes v Hayes, 128 AD3d 1284, 1285 n 2 [2015]).