Matter of Berg v Stoufer-Quinn (2020 NY Slip Op 00786)





Matter of Berg v Stoufer-Quinn


2020 NY Slip Op 00786


Decided on January 31, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, CURRAN, AND WINSLOW, JJ.


1289 CAF 18-02374

[*1]IN THE MATTER OF JOSEPH E. BERG, PETITIONER-APPELLANT,
v
EMILY E. STOUFER-QUINN, RESPONDENT-RESPONDENT. 






DUKE LAW FIRM, P.C., LAKEVILLE (SUSAN K. DUKE OF COUNSEL), FOR PETITIONER-APPELLANT. 
FORST LAW FIRM, ROCHESTER (KELLY M. FORST OF COUNSEL), FOR RESPONDENT-RESPONDENT. 


 Appeal from an order of the Family Court, Livingston County (Robert B. Wiggins, J.), entered September 27, 2018 in a proceeding pursuant to Family Court Act article 6. The order dismissed the petition. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner father commenced this proceeding pursuant to Family Court Act article 6 seeking to modify a prior custody and visitation order entered on stipulation. The father appeals from an order that granted respondent mother's motion to dismiss the petition, which was made during a hearing on the petition following the close of the father's proof.
It is well established that "[w]here an order of custody and visitation is entered on stipulation, a court cannot modify that order unless a sufficient change in circumstances—since the time of the stipulation—has been established, and then only where a modification would be in the best interests of the child[ren]" (Matter of McKenzie v Polk, 166 AD3d 1529, 1529 [4th Dept 2018] [internal quotation marks omitted]; see Matter of Hight v Hight, 19 AD3d 1159, 1160 [4th Dept 2005]; see also Matter of McCarthy v Kriegar, 162 AD3d 1563, 1564 [4th Dept 2018]). "[O]ne who seeks to modify an existing order of [custody and] visitation is not automatically entitled to a hearing[ and] must make some evidentiary showing sufficient to warrant it" (Matter of Moreno v Elliott, 170 AD3d 1610, 1612 [4th Dept 2019] [internal quotation marks omitted]; see Matter of Chichra v Chichra, 148 AD3d 883, 884 [2d Dept 2017]).
Here, we conclude that Family Court erred in interpreting the existing order and underlying stipulation to permit the father to seek modification of the visitation arrangement without first satisfying the threshold burden of establishing a change in circumstances (cf. Matter of Rosenkrans v Rosenkrans, 154 AD3d 1123, 1124 [3d Dept 2017]; Matter of Mayo v Mayo, 63 AD3d 1207, 1208 [3d Dept 2009]; Matter of Studenroth v Phillips, 230 AD2d 247, 249-250 [3d Dept 1997]). Nevertheless, upon our independent review of the record (see Matter of Curry v Reese, 145 AD3d 1475, 1475 [4th Dept 2016]), we further conclude that the father failed to establish the requisite change in circumstances, and the court therefore did not err in dismissing the petition.
Entered: January 31, 2020
Mark W. Bennett
Clerk of the Court