Matter of Mathena XX. v Brandon YY. (2020 NY Slip Op 07258)





Matter of Mathena XX. v Brandon YY.


2020 NY Slip Op 07258


Decided on December 3, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 3, 2020

529454

[*1]In the Matter of Mathena XX., Appellant,
v
Brandon YY., Respondent. (And Another Related Proceeding.)

Calendar Date: October 21, 2020

Before: Egan Jr., J.P., Mulvey, Aarons, Pritzker and Colangelo, JJ.


Pamela B. Bleiwas, Ithaca, for appellant.
Christian J. Root, Vestal, for respondent.
Susan McNeil, Brooktondale, attorney for the children.



Egan Jr., J.P.
Appeal from an order of the Family Court of Tioga County (Morris, J.), entered May 29, 2019, which, among other things, dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of two children (born in 2012 and 2015). Pursuant to an August 2017 custody and visitation order, entered on stipulation of the parties, Family Court granted the parents joint legal and shared physical custody of the children and designated the father's residence in the Town of Spencer, Tioga County as the children's primary residence for purposes of enrolling the children in the Spencer School District. The father subsequently moved to a new residence outside of the Spencer School District and, in August 2018, the mother commenced this custody modification proceeding by order to show cause, seeking to have her residence in the Town of Candor, Tioga County designated as the children's primary residence for purposes of registering the children in the Candor School District prior to the impending school year. Family Court signed the mother's order to show cause, temporarily granting her permission to enroll the children in the Candor School District. Later that same month, the father filed his own modification petition, seeking to have his new residence in the Town of Interlaken, Seneca County designated as the children's primary residence for purposes of school enrollment.[FN1] In January 2019, the father filed an amended modification petition, amplifying the allegations in his prior petition and seeking sole physical custody of the children.
Following a fact-finding hearing on both petitions, Family Court continued the grant of joint legal custody to the parties and granted the father's petition, providing him with primary decision-making authority with regard to the children's educational decisions and designating his residence as the children's primary residence for purposes of school enrollment commencing in the fall of 2019. Family Court further provided parenting time for the mother on the first, second and fourth weekends of each month and established a parenting schedule for holidays and vacations. The mother appeals.
"A parent seeking to modify an existing custody order first must demonstrate that a change in circumstances has occurred since the entry thereof that is sufficient to warrant the court undertaking a best interests analysis in the first instance; assuming this threshold requirement is met, the parent then must show that modification of the underlying order is necessary to ensure the child[ren]'s continued best interests" (Matter of Cameron ZZ. v Ashton B., 183 AD3d 1076, 1078 [2020] [internal quotation marks and citations omitted], lv denied 35 NY3d 913 [2020]; accord Matter of LeVar P. v Sherry Q., 181 AD3d 1008, 1009 [2020]). Here, the parties agree that a change in circumstances occurred since entry of the prior order given that the father moved out of the Spencer School District, which was specifically designated as the children's school district in the prior consent order, and the fact that the parents now reside in different school districts and cannot agree on where the children should attend school; as such, an inquiry into whether the children's best interests would be served by a modification of the physical custody arrangement set forth in the prior order is warranted (see Matter of Jennifer VV. v Lawrence WW., 186 AD3d 946, 948 [2020]; Matter of Kuklish v Delanoy, 155 AD3d 1376, 1377 [2017]; Matter of Woodrow v Arnold, 149 AD3d 1354, 1356 [2017]). In making a best interests determination, Family Court "must consider a variety of factors, including the quality of the parents' respective home [*2]environments, the need for stability in the children's [lives], each parent's willingness to promote a positive relationship between the children and the other parent and each parent's past performance, relative fitness and ability to provide for the children's intellectual and emotional development and overall well-being" (Matter of Jacob WW. v Joy XX., 180 AD3d 1154, 1155 [2020] [internal quotation marks, brackets and citation omitted]; see Matter of Dennis F. v Laura G., 177 AD3d 1110, 1112 [2019]).
The evidence at the fact-finding hearing established that both parents have a bonded, loving relationship with the children and, following their separation in July 2017, were able to effectively coparent and manage shared joint legal custody, physical custody exchanges and the older child's school schedule.[FN2] It was ultimately the father's 2018 relocation out of the Spencer School District to Interlaken, approximately 40 miles from the mother's residence in Candor, that led to the parents seeking court intervention, as they could not agree on whose household and school district would best serve the interests of the children. To that end, the mother testified that, after moving out of the former marital residence in July 2017, she moved in with her brother to his two-bedroom trailer, where the children share a bedroom. She indicated that, given the brother's work schedule, he is only home about one week per month, and she has plans to move into her own two-bedroom trailer with her boyfriend in the near future. She is presently employed as a postal worker, working six days a week from 9:30 a.m. to 12:30 p.m. After the father moved to Interlaken, she obtained court approval to enroll the children in the Candor School District. According to the mother, she thereafter brought the older child to school each day, attended parent-
teacher conferences and would help with the child's homework. The mother also engaged the younger child in occupational and speech therapy and was able to coordinate for him to receive these services either at her home or the home of the babysitter. Although the mother and the father do not communicate frequently, she testified that they have no issues communicating with respect to the children's needs and she has no concerns with the care that the children receive when they are in his custody.
The father testified that, prior to moving to Interlaken, he was employed as a residential counselor for troubled children. Following his July 2017 breakup with the mother, he initially moved into his own apartment and, in December 2017, briefly moved back in with his parents in Spencer. In February or March 2018, the father moved in with his then-girlfriend to a four-bedroom, two-bath home that she owns in Interlaken. He and his girlfriend share this home with her five-year-old child from another relationship, and both her child and the children have their own separate bedrooms. Following his move to Interlaken, the father started a new job as a heating, ventilation and air-conditioning technician where he works full time, Monday through Friday from 7:30 a.m. to 4:00 p.m. The father testified that, although the physical custody exchanges between him and the mother have [*3]generally worked out "very well,"[FN3] he did have concerns with the children's hygiene while in the mother's custody, as they were often returned to him unbathed and smelling strongly of cigarette smoke.[FN4] The father also introduced three photographs of the mother's home — taken on one occasion in July 2018 after he dropped them off after spending three days at his residence — that showed her residence unkempt and in complete disarray.
Contrary to the mother's assertion, the father's allegations against the mother did not demonstrate that he harbors any hostility or animosity towards her that would reflect negatively on his ability to foster a positive relationship between her and the children. No evidence was presented indicating that he ever spoke negatively of the mother in front of the children, or at any other time, or attempted to alienate the children from her. On the contrary, the father testified that he wants the mother to play an active role in the children's lives and was amenable to whatever visitation that Family Court saw fit to provide her. His allegations regarding the condition of the mother's home, the children's hygiene and his concern with her smoking and using alcohol around the children were based on his own personal observations and were not intended to besmirch the mother's character so much as to provide context for the court to be able to render an appropriate decision as to the best interests of the children.
With regard to his move to Interlaken, the father testified that he promptly notified the mother upon making his decision to move. Although it was his belief that the terms of the parties' prior custody order gave him the authority to move the children to Interlaken and enroll them into a new school district, he was reluctant to move the older child from the Spencer School District mid-year and discussed this fact with the mother.[FN5] The father testified that, in June 2018, he initially filed a petition [*4]seeking to have his new residence designated as the children's primary residence for school enrollment purposes, but indicated that he withdrew said petition after the mother purportedly acquiesced in this decision.[FN6] Accordingly, the father testified that he was surprised to learn that the mother subsequently petitioned to have the children enrolled in the Candor School District and had obtained an ex parte temporary order from Family Court to that effect.
In rendering its determination, Family Court specifically indicated that it signed the mother's August 2018 order to show cause granting her temporary permission to enroll the children in the Candor School District because it was under the impression that the father had relocated to Interlaken without ever having consulted with the mother. At the fact-finding hearing, however, the mother could not recall having spoken with the father about his plans to relocate and averred that it was the father who had acquiesced to allowing her to enroll the children in the Candor School District, although she could also not recall when this conversation had occurred. Accordingly, to the extent that Family Court found the mother's testimony to be less credible than that of the father, and having reviewed the totality of the circumstances and affording the appropriate deference to Family Court's credibility and factual findings, we are satisfied that Family Court's determination granting the father primary physical custody of the children and decision-making authority over the children's educational decisions is amply supported by the record and we decline to disturb it (see Matter of Jennifer VV. v Lawrence WW., 186 AD3d at 948-949; Matter of Dennis F. v Laura G., 177 AD3d at 1112).
Mulvey, Aarons, Pritzker and Colangelo, JJ., concur.
ORDERED that the order is affirmed, without costs.

[*5]

Footnotes

Footnote 1: In November 2018, Family Court issued a temporary order, continuing its grant of joint legal custody of the children and designating the mother's residence as the children's primary residence, pending the outcome of the subject proceedings.

Footnote 2: At the time of the March 2019 fact-finding hearing, the younger child had not yet reached school age.

Footnote 3: The father did complain that the mother was late to a few exchanges that posed difficulties for his and his girlfriend's work schedules.

Footnote 4: Although the mother denied smoking in the presence of the children, she admitted that she does smoke in both her residence and her vehicle, but only when the children are not present. She further testified that she regularly smokes marihuana on weekends and evenings after the children go to bed and that her boyfriend drinks in the children's presence on a daily basis.

Footnote 5: The father specifically indicated that he and the mother had discussed the option of having the mother move to a new residence in Spencer, as she was contemplating moving to a new residence in the near future anyhow.

Footnote 6: Family Court took judicial notice that "petitions were filed by the father in Chemung County on April 25, 2019 and June 29, 2019," and "[b]oth petitions are listed in the Uniform Court Management System [with] notes as withdrawn by [the father] on May 29, and August 7, 2018."