Matter of Zachary C. v Janaye D. (2021 NY Slip Op 06585)





Matter of Zachary C. v Janaye D.


2021 NY Slip Op 06585


Decided on November 24, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:November 24, 2021

532077
[*1]In the Matter of Zachary C., Appellant,
v
Janaye D., Respondent. (And Another Related Proceeding.)

Calendar Date:October 20, 2021

Before:Egan Jr., J.P., Lynch, Clark, Aarons and Reynolds Fitzgerald, JJ.

Lockhart Law Office PC, North Syracuse (Beth A. Lockhart of counsel), for appellant.
Whiteman Osterman & Hanna LLP, Albany (Robert S. Rosborough of counsel), for respondent.
Thomas Marcelle, Slingerlands, attorney for the child.



Egan Jr., J.P.
Appeal from an order of the Family Court of Fulton County (McAuliffe Jr., J.), entered September 10, 2019, which, among other things, dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of a child (born in 2015). Family Court (Skoda, J.) issued a 2017 order that, upon the parties' agreement, awarded them joint legal custody of the child, with the mother having primary physical placement and the father having parenting time from Thursday until Sunday one week, Tuesday until Friday the next, and two weeks of uninterrupted vacation time. Disputes thereafter arose between the parties over issues that included where the child should attend preschool, prompting the father to commence a proceeding in March 2018 seeking, as is relevant here, to modify the custodial arrangement and obtain primary physical placement. The mother then filed a modification petition seeking to, among other things, eliminate the father's weekday parenting time during the school year. At the fact-finding hearing on the petitions, the parties placed a partial settlement on the record agreeing upon the parenting schedule for several holidays and school recesses. Following the hearing, Family Court (McAuliffe Jr., J.) found that a change in circumstances had occurred and that the best interests of the child lie in granting the parties joint legal custody of the child, with the mother to retain primary physical placement and the father to have parenting time that included certain weekends during the school year and alternating weeks during the summer. The father appeals.[FN1]
"A parent seeking to modify an existing custody order must first show that a change in circumstances has occurred since the entry of the existing custody order that then warrants an inquiry into what custodial arrangement is in the best interests of the child" (Matter of Anthony YY. v Emily ZZ., 189 AD3d 1924, 1924 [2020] [citations omitted]; see Matter of Jeremy EE. v Stephanie EE., 191 AD3d 1111, 1112 [2021]). As Family Court determined, their disagreements on certain parenting issues and the practical inability of them "alternating physical custody of a school-age child" during the work week given the distance between their residences constituted a change in circumstances (Matter of Fritts v Snyder, 139 AD3d 1143, 1145 [2016]; see Matter of Colvin v Polhamus, 145 AD3d 1350, 1351 [2016]). The question accordingly became what custodial arrangement would serve the best interests of the child, an assessment involving the consideration of factors including "the quality of each parent's home environment, the need for stability in the child's life, the parents' past performance, the willingness of each parent to foster a positive relationship between the child and the other parent and the ability to provide for the child's intellectual [*2]and emotional development and overall well-being" (Matter of Jamie UU. v Dametrius VV., 196 AD3d 759, 760-761 [2021]; see Matter of Daniel G. v Marie H., 196 AD3d 801, 803 [2021]). We accord great deference to the fact-finding and credibility determinations of Family Court in determining that question, and will not disturb its findings so long as they are supported by a sound and substantial basis in the record (see Vickie F. v Joseph G., 195 AD3d 1064, 1066 [2021]; Matter of Kelly CC. v Zaron BB., 191 AD3d 1101, 1103 [2021]).
The hearing evidence left no doubt that both parties have a loving relationship with the child and, despite their issues with each other, understand the value of a positive relationship between the child and the other parent. The mother has been the primary caregiver for the child since his birth, however, and Family Court implicitly declined to credit the father's efforts to cast aspersion on her parenting skills. To the contrary, Family Court stressed that the mother had proven herself capable of working full time as a nurse while maintaining a household and caring for the child on her own. The mother further indicated that she was able to modify her work schedule, and was willing to find other work with more traditional hours, if such became necessary to care for the child. The child also enjoyed a close relationship with the mother's nearby relatives and an improving relationship with the mother's physician boyfriend — a man who the father refused to meet and perversely faulted for prescribing medication to treat the child's discomfort from a rash and an upset stomach. In addition, the child's maternal grandmother cared for the child on the occasions that the mother was unavailable. Moreover, the extent of the father's parenting skills was something of an open question, as he had only recently secured full-time employment and relied heavily on the paternal grandparents, with whom he still lived and who made a point of being present during his parenting time, to assist in caring for the child. In view of the foregoing, and deferring to Family Court's credibility assessments, we perceive a sound and substantial basis in the record for its determination that the mother should remain as the child's primary physical custodian (see Matter of Voland v Stalker, 113 AD3d 1010, 1010-1011 [2014]; Matter of Wilson v Hendrickson, 88 AD3d 1092, 1093-1095 [2011]; Ehrenreich v Lynk, 74 AD3d 1387, 1390 [2010]).
Finally, although Family Court awarded the father parenting time on alternating weeks during the child's summer recess and implemented the terms of the parties' stipulation regarding parenting time on certain holidays and school recesses, it also significantly reduced his parenting time during the school year itself, and we agree with the father and the attorney for the child that such was not supported by a sound and substantial basis in the record (see Matter of Rosenkrans v Rosenkrans, 154 AD3d 1123, 1125-1126 [2017[*3]]; Ehrenreich v Lynk, 74 AD3d at 1390). Although it was important to "ensur[e] that the child had stability and routine during the school week," Family Court could have granted the father more significant parenting time on additional weekends or during any breaks and holidays not accounted for in the parties' stipulation (Matter of Rosenkrans v Rosenkrans, 154 AD3d at 1126; see Matter of Shirreece AA. v Matthew BB., 166 AD3d 1419, 1425 n 4 [2018]). As a prolonged period has passed since entry of the appealed-from order, and there have been further proceedings to enforce and/or modify its terms during the pendency of this appeal, we deem it prudent to refrain from making any modification to the father's parenting schedule and instead "remit the matter to Family Court for such a determination, rendered after receiving additional proof, if necessary" (Matter of Rosenkrans v Rosenkrans, 154 AD3d at 1126).
The father's remaining arguments, including that Family Court improperly refused to admit a document for which he failed to lay a proper foundation into evidence, have been examined and rejected.
Lynch, Clark, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as limited petitioner's parenting time to alternate weekends and certain holidays and breaks during the school year; matter remitted to the Family Court of Fulton County for further proceedings not inconsistent with this Court's decision, and, pending such further proceedings, the parenting schedule in said order shall remain in effect on a temporary basis; and, as so modified, affirmed.



Footnotes

Footnote 1: The father omitted the mother's modification petition and the written summations of the parties from the record. As we have obtained and take judicial notice of the former and are aware of the parties' arguments from their briefs, we decline the mother's invitation to dismiss the appeal because of the father's failure to prepare a complete record (see CPLR 2001; Matter of Freed v Hill, 176 AD2d 1065, 1066 [1991]).