Matter of Andrea II. v Joseph HH. (2022 NY Slip Op 01492)





Matter of Andrea II. v Joseph HH.


2022 NY Slip Op 01492


Decided on March 10, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:March 10, 2022

532806
[*1]In the Matter of Andrea II., Appellant,
v
Joseph HH. et al., Respondents. (Proceeding No. 1.)
In the Matter of Joseph HH., Respondent,
v
Andrea II., Appellant, and Joseph JJ. et al., Respondents. (Proceeding No. 2.)

Calendar Date:January 10, 2022

Before:Egan Jr., J.P., Clark, Pritzker and Colangelo, JJ.

Lisa K. Miller, McGraw, for appellant.
Clea Weiss, Ithaca, for Joseph HH., respondent.
Joseph JJ. and Barbara JJ., Binghamton, respondents pro se.
Michelle E. Stone, Vestal, attorney for the child.



Colangelo, J.
Appeal from an order of the Family Court of Broome County (Connerton, J.), entered December 30, 2020, which, among other things, granted petitioner's application, in proceeding No. 2 pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.
Joseph HH. (hereinafter the father) and Andrea II. (hereinafter the mother) are the parents of a child (born in 2014). Pursuant to a June 2018 order entered on consent, the parties shared joint legal custody of the child and respondents Barbara JJ. and Joseph JJ. (hereinafter collectively referred to as the paternal grandparents) had primary physical custody of the child. The mother had supervised parenting time on alternate weeks, to be supervised by the maternal grandmother; the father had supervised visitation as the father and the paternal grandfather agreed, to be supervised by the paternal grandfather. In October 2019, the mother filed a modification petition seeking sole custody, with supervised visitation to the father on alternate weekends and holidays. In February 2020, the father filed a modification petition seeking full custody, citing his sobriety from drugs and alcohol and his maintenance of a stable home environment. The mother thereafter filed an amended custody modification petition, alleging a change in circumstances, which included, among other things, the elimination of her alternate week visitation due to the child's enrollment in school in the City of Binghamton, Broome County near the paternal grandparents' residence. Following a fact-finding hearing, Family Court concluded that the child's best interests would be served by continuing the award of joint legal custody, but granted primary physical custody to the father and parenting time to the mother on alternate weekends. The mother appeals.
"A parent seeking to modify an existing custody order must first show that a change in circumstances has occurred since the entry of the existing custody order that then warrants an inquiry into what custodial arrangement is in the best interests of the child" (Matter of Zachery VV. v Angela UU., 192 AD3d 1220, 1221 [2021] [citations omitted]; see Matter of Jeremy EE. V Stephanie EE., 191 AD3d 1111, 1112 [2021]). We note that the order appealed from stated that "[t]he parties agree that there is a change in circumstances to warrant a custody modification in this case." "Here, although Family Court did not make any express findings relative to a change in circumstances, this Court's authority in custody cases is as broad as that of Family Court and, therefore, we may review the record and make an independent determination as to whether the requisite showing of a change in circumstances was made" (Matter of Woodrow v Arnold, 149 AD3d 1354, 1356 [2017] [citations omitted]; see Matter of Richard GG. v M. Carolyn GG., 169 AD3d 1169, 1170 [2019]). Having conducted such independent review, we find that, because the parties now reside in different states, the child [*2]has reached school age and the prior consent order did not address where the child would attend school, there was a change in circumstances warranting inquiry into whether the child's best interests would be served by a modification of the alternate week visitation protocol set forth in the prior order (see Matter of Zachary C. v Janaye D., 199 AD3d 1267, 1268 [2021]; Matter of Anthony YY. v Emily ZZ., 189 AD3d 1924, 1924-1925 [2020]; Matter of Woodrow v Arnold, 149 AD3d at 1356).
"In making a best interests determination, Family Court must consider a variety of factors, including the quality of the parents' respective home environments, the need for stability in the child[]'s li[fe], each parent's willingness to promote a positive relationship between the child[] and the other parent and each parent's past performance, relative fitness and ability to provide for the child[]'s intellectual and emotional development and overall well-being" (Matter of Mathena XX. v Brandon YY., 189 AD3d 1733, 1735 [2020] [internal quotation marks, brackets and citations omitted]; see Eschbach v Eschbach, 56 NY2d 167, 171 [1982]; Matter of Zachary C. v Janaye D., 199 AD3d at 1268 [2021]). "Given that Family Court is in a superior position to evaluate the testimony and credibility of witnesses, we accord great deference to its factual findings and credibility assessments and will not disturb its determination if supported by a sound and substantial basis in the record" (Matter of Zachery VV. v Angela UU., 192 AD3d at 1223 [citations omitted]; see Matter of Jessica HH. v Sean HH., 196 AD3d 750, 753 [2021]; Matter of Jamie UU. v Dametrius VV., 196 AD3d 759, 760 [2021]).
At the fact-finding hearing, the evidence established that the child, then six, had lived in the Binghamton area since birth, and had lived in the home of the paternal grandparents for the past two years. The evidence established that the child has friends in the neighborhood with whom he bikes and plays sports, is registered for fall soccer, does well in school and is happy living in Binghamton. The child has strong emotional ties to his paternal grandparents, who expressed a willingness to assist the father in the care of the child. The father rents a four-bedroom house from his parents, located two blocks from their residence. In addition, the father is involved in every aspect of the child's life, and, if awarded primary physical custody, he would be willing to work with the mother for extended visitation periods when the child is not in school. The father testified that he has been drug free and sober since the June 2018 order, has completed the New Horizons substance abuse program, and continues to work with a substance abuse counselor twice a month. He also continues to submit to random drug tests, which have been negative. His substance abuse counselor testified that the father is presently attending treatment voluntarily, testing clean and dedicated to sobriety. The father admitted [*3]having been diagnosed with anxiety and depression, for which he takes medications as prescribed, and he is medically supervised at monthly visits. He further testified that he is able to care for the child safely.
The mother lives alone in Hazelton, Pennsylvania, although she and the child stay at the home of the maternal grandmother nearby during the mother's supervised weeks. The mother testified that she has been drug tested, not by random screening but by tests that she sought out. In February 2018, the mother was court-ordered to take a hair follicle test, which was positive for cocaine. The mother completed a two-day per week drug rehabilitation program in Hazelton. However, she is not currently attending a rehabilitation program and is self-monitoring. The mother admitted drinking alcohol on weekends when she does not have visitation, drinking three to four drinks on Fridays.
The record revealed that each parent has a substance abuse history and the father has mental health issues. Family Court found that the father "continues to treat his addiction issues with resolve and serious thought," and that the mother is in recovery but continues to consume alcohol. The court, in finding that the father has minimized his recounting of his mental health history, also found that "[h]e has the benefit of his parents to backstop him if he has issues." In the end, notwithstanding each parent's history of serious issues that have negatively impacted their parenting ability, the court found that it is in the child's best interests "to continue in [a] community where he is rooted and where he has a stable home life." As such, it continued the award of joint legal custody with primary physical custody to the father and alternate weekend, holiday and summer visitation to the mother. According deference to the credibility and factual determinations of Family Court, and after reviewing the record before us, we are satisfied that the determination to award primary physical custody of the child to the father is supported by a sound and substantial basis in the record (see Matter of Zachery VV. v Angel UU., 192 AD3d at 1223).[FN1]
Finally, in her brief, the appellant attorney for the child advised of a subsequent development in which the police responded to a mental health complaint made by the paternal grandfather against the father on December 16, 2020, and she therefore contends that the record is no longer sufficient to determine the father's fitness and right to custody. We note that the father's mental health records were before Family Court and ample testimony was taken concerning his mental health issues. Thus, although this Court may take notice of new facts and allegations to the extent that they indicate that the record before us is no longer sufficient for determining the father's fitness and right to custody (see Matter of Michael B., 80 NY2d 299, 318 [1992]; Matter of Matthew DD v Amanda EE., 187 AD3d 1382, 1384 [2020]), we were advised [*4]at oral argument that no further proceedings were initiated based upon this alleged incident. In view of our ultimate conclusion that the record evidence supports the award of primary physical custody to the father, we see no reason to remit the matter for consideration of the new allegation (see Matter of Blagg v Downey, 132 AD3d 1078, 1079 [2015]; compare Matter of Michael B., 80 NY2d at 318).
Egan Jr., J.P., Clark and Pritzker, JJ., concur.
ordered that the order is affirmed, without costs.



Footnotes

Footnote 1: Although the trial attorney for the child failed to ascertain and/or communicate the child's preferred custodial residence to Family Court, this Court was advised at oral argument that the child unequivocally stated to the appellate attorney for the child that he wished to live with both his parents but that he wanted to attend school where the father lived.