Matter of Joanna PP. v Ohad PP. (2024 NY Slip Op 04497)

Matter of Joanna PP. v Ohad PP.

2024 NY Slip Op 04497

Decided on September 19, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 19, 2024

CV-23-0037
[*1]In the Matter of Joanna PP., Respondent,
v
Ohad PP., Appellant. Attorney for the Children, Appellant. (Proceeding No. 1.)
In the Matter of Ohad PP., Appellant,
v
Joanna PP., Respondent. Attorney for the Children, Appellant. (Proceeding No. 2.)

Calendar Date:August 15, 2024

Before:Garry, P.J., Egan Jr., Clark, Fisher and McShan, JJ.

Rosenberg Law Firm, Brooklyn (Jonathan Rosenberg of counsel), for Ohad PP., appellant.
Lisa A. Natoli, Norwich, attorney for the children, appellant.
Jackson Bergman, LLP, Binghamton (Benjamin K. Bergman of counsel), for respondent.

Garry, P.J.
Appeal from an order of the Family Court of Chenango County (Frank B. Revoir Jr., J.), entered December 5, 2022, which, among other things, granted petitioner's application, in proceeding No. 1 pursuant to Family Ct Act article 6, to modify a prior order of custody.
Joanna PP. (hereinafter the mother) and Ohad PP. (hereinafter the father) are the parents of three children (born in 2014, 2016 and 2018). The parties separated in May 2019, at which time the mother and the children vacated the marital residence in Otsego County and moved into the home of the maternal grandparents in Chenango County, less than 10 minutes away. It appears that the mother then filed custody petitions and a family offense petition in Otsego County, alleging various forms of emotional abuse by the father. An ex parte order of protection was issued prohibiting the father from having any contact with the mother and the children, which was modified soon thereafter to provide the father with supervised parenting time. Meanwhile, the mother commenced a matrimonial action in Chenango County, and, in August 2019, the parties executed a stipulation of settlement, which was ultimately incorporated but not merged into their judgment of divorce. This stipulation included detailed and thorough provisions regarding custody of the children and time sharing. In pertinent part, it was agreed that the mother would have "sole legal custody" of the children and the father would have certain joint decision-making power and be entitled to notice regarding any medical, dental, counseling or school meetings/appointments for the children so that he could participate therein. The mother's custody was also subject to the condition that she reasonably accommodate any requests, by the father or the children, for additional parenting time with the father.
In August 2020, the mother filed a petition to modify the custodial provisions of the stipulation, asserting, among other things, that the father harassed her regarding changes to the stipulation, discussed the stipulation and court proceedings in front of the children, interfered with her efforts at obtaining therapy for the oldest child and that the children exhibited behavioral issues before and after visits with him. Shortly after her filing, the mother, without prior notice to the father or court permission, purchased a home and relocated herself and the children to Broome County, which resulted in a substantial increase in the travel needed to effectuate the father's parenting time. In response, the father filed an order to show cause to address the relocation and his own modification petition, alleging, among other things, that the mother routinely denied his requests for telephone contact and additional parenting time with the children and failed to provide him with notice of the oldest child's engagement in counseling, thereby prohibiting him from exercising his right under the agreement to attend the appointments. He also expressed concerns [*2]over the mother's alleged use of excessive corporal punishment against the children. Family Court temporarily modified the parenting time schedule to compensate for the relocation, but the mother ultimately moved back to Chenango County before the subject petitions were heard.
Following considerable motion practice and various interim relief, a three-day fact-finding hearing was held, as was a Lincoln hearing with the two oldest children. Family Court, citing the father's in-court conduct, credited the mother's testimony as to the father's controlling and harassing behavior and determined that the father was incapable of serving as a joint custodian. The court accordingly awarded the mother sole custody of the children but nevertheless fashioned a balanced week-on-week-off parenting time schedule for the parties, with midweek time for each parent in their off weeks and telephone/video access to the children. The court also provided each party equal access to the children's educational and medical records and prohibited the parties from, among other things, physically disciplining the children. The father and the attorney for the children appeal, each arguing that the court's decision was marred by bias against the father and that the record before us demonstrates that the children's best interests would be served by an award of joint legal custody and primary physical placement to the father.
A custodial determination depends to a great extent upon an assessment of the testimony, character and sincerity of the parties (see Eschbach v Eschbach, 56 NY2d 167, 173 [1982]; Matter of Frankie CC. v Rachel CC., 225 AD3d 1112, 1115 [3d Dept 2024]). For this reason, it is well established that, given its superior position to observe the witnesses, deference is ordinarily accorded to Family Court's findings in this respect (see Eschbach v Eschbach, 56 NY2d at 173; Matter of Nicole TT. v David UU., 174 AD3d 1168, 1169 [3d Dept 2019]). Those findings, however, must have a sound and substantial basis in the record (see Matter of Jessica D. v Michael E., 182 AD3d 643, 644 [3d Dept 2020]; Matter of Shirreece AA. v Matthew BB., 166 AD3d 1419, 1422 [3d Dept 2018]).
The father's conduct was at times disruptive, and we appreciate the difficulties inherent in addressing his interruptions. Nonetheless, upon review of this record, we cannot conclude that Family Court's assessment of the evidence was not disproportionately influenced by the frustration arising from the father's lack of courtroom decorum. Given that remittal is necessary in this case, for reasons discussed more fully below, we will not dedicate undue time to illustrating each instance of the court's unbalanced approach to the evidence. However, given that these parties will continue to be subject to Family Court involvement, we find it imperative to highlight the questionable treatment of the children's allegations of excessive corporal punishment and the mother's admittedly purposeful noncompliance with [*3]the parties' stipulation. Further, the testimony of the father's witnesses was all but entirely disregarded because those witnesses had not had occasion to observe the father's in-court behavior; these witnesses had offered their personal observations describing the warm and supportive relationship between the father and the children. Noting the strong arguments maintained by the attorney for the children throughout these proceedings, we agree that the court's order cannot stand (see Matter of Nicole TT. v David UU., 174 AD3d at 1170-1172).
Nonetheless, although it is well established that this Court has the authority to independently review a sufficiently developed record and make determinations regarding custody (see Matter of Benjamin V. v Shantika W., 207 AD3d 1017, 1021 [3d Dept 2022]; Matter of Andrea II. v Joseph HH., 203 AD3d 1356, 1357 [3d Dept 2022]), we have been advised of numerous violation and modification petitions, containing serious allegations, filed by the parties since entry of the order before us. We also note the July 15, 2024 order of Family Court (Campbell, J.)[FN1] directing forensic evaluation of the parties, the children and any relatives as may be deemed necessary, which reasonably may be expected to provide more clarity on the difficult family dynamics that are now adversely affecting these children. It is apparent from the subsequent filings and orders that the family dynamic has substantially deteriorated and that the conflict has escalated; the most recent order in effect, entered August 5, 2024, temporarily prohibits any contact between the father and the children. In light of the evolving situation, we remit this matter for further proceedings and updated fact-finding (see Matter of Michael B., 80 NY2d 299, 318 [1992]; Matter of Matthew DD. v Amanda EE., 187 AD3d 1382, 1384 [3d Dept 2020]). Upon remittal, we strongly urge Family Court to proceed expeditiously.
Egan Jr., Clark, Fisher and McShan, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Chenango County for further proceedings not inconsistent with this Court's decision, with further proceedings to be scheduled within 20 days of this decision, and, pending said proceedings, the terms of Family Court's August 5, 2024 order shall remain in effect on a temporary basis.

Footnotes

Footnote 1: During the pendency of this appeal, Judge Revoir has, upon motion, recused himself.