Matter of Thomas CC. v Gina DD.
2026 NY Slip Op 03496
June 4, 2026
Appellate Division, Third Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Thomas CC., Respondent,
v
Gina DD., Appellant.

Decided and Entered:June 4, 2026
CV-25-0742
Calendar Date: April 21, 2026
Before: Garry, P.J., Ceresia, Powers And Mackey, JJ.

Cynthia Feathers, Saratoga Springs, for appellant.
Vella Carbone & Vinson, LLP, Delmar (Jessica Hugabone Vinson of counsel), for respondent.
Kurt Mausert, Saratoga Springs, attorney for the child.

[*1]
Garry, P.J.
Appeal from an order of the Family Court of Saratoga County (Michael Hartnett, J.), entered April 1, 2025, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of the subject child (born in 2014). A 2023 superseding order of custody entered on the parents' consent granted them joint legal custody and shared physical custody with equal parenting time. The father's parenting time ran from Wednesday until Saturday, and the mother's parenting time began Saturday and ended on Wednesday. The father commenced this modification proceeding seeking, among other things, primary physical custody of the child. Following fact-finding and Lincoln hearings, Family Court granted the petition and awarded the father, as relevant here, final decision-making authority on medical decisions, if the parents could not otherwise agree, and primary physical and residential custody of the child. Specifically, the father was given parenting time every week from Sunday at 6:00 p.m. until Saturday at 10:00 a.m., and the second weekend each month. The mother was granted parenting time on the other weekends each month. The court found that the mother lived approximately 40 minutes from the child's school and the father's home, which had created logistical difficulties adversely affecting the child's academic performance. Additionally, the mother's employment had changed since the prior custody order such that she now worked as a bartender on some evenings. The parties also had reached a complete impasse on multiple joint legal decisions. Regarding the child's best interests, the court found that, although the mother was a loving parent who was able to provide the child with most of her basic needs, the mother had demonstrated several notable lapses in judgment impacting the child, and was generally combative toward the father. The father, on the other hand, had been a consistent, stable and positive presence for the child, and could promote the child's academic success while still permitting her to maintain a loving relationship with the mother.
The mother appeals, seeking an adjustment to her parenting time schedule that would permit her to begin visitation on Friday evenings at 6:00 p.m., rather than Saturday mornings.FN1 The mother also requests that she be granted final authority over medical decisions for the child.
Family Court's change in circumstances finding is not in dispute and, therefore, this appeal turns on the propriety of that court's best interests determination (see Matter of Gabrielle Q. v James R., 233 AD3d 1407, 1408 [3d Dept 2024]; Matter of Giuseppe V. v Tiffany U., 224 AD3d 1122, 1123 [3d Dept 2024]). To determine the best interests of the child, courts must examine various factors, including " 'the quality of the parents' respective home environments, the need for stability in the child's [*2]life, each parent's willingness to promote a positive relationship between the child and the other parent and each parent's past performance, relative fitness and ability to provide for the child's intellectual and emotional development and overall well-being' " (Matter of Michelle L. v Steven M., 227 AD3d 1159, 1161 [3d Dept 2024] [citation omitted], quoting Matter of Andrea II. v Joseph HH., 203 AD3d 1356, 1357-1358 [3d Dept 2022]). As Family Court is in the superior position to observe and evaluate witness credibility and has broad discretion to fashion a parenting time schedule, its best interests analysis and parenting time schedule will not be upset if supported by a sound and substantial basis in the record (see Matter of Michelle L. v Steven M., 227 AD3d at 1161; Matter of Lora PP. v Alphonso PP., 221 AD3d 1321, 1322-1323 [3d Dept 2023]).
We conclude that there is a sound and substantial basis in the record for Family Court's determination that granting the father final decision-making authority over all medical decisions was in the child's best interests.FN2 The father testified that he believes both parents should be involved in medical decisions concerning the child, but that the mother generally had been unwilling to communicate with the father. Notably, upon cross-examination the mother acknowledged multiple situations where she had avoided discussing parenting matters with the father to the detriment of the child, including an instance where, rather than ask the father to take the child early on the day his parenting time began so the mother could take an extra shift at work, she asked a friend to take the child to his place of employment, a warehouse, where the friend left the child unattended in a breakroom for two hours while he worked. The mother also testified that she had told the father that she would no longer communicate with him and that, if the father had any concerns regarding the child, he could communicate with the mother through doctors and teachers. The mother also admitted to making many unilateral decisions without first consulting the father. As the record thus demonstrates that the father is willing to communicate important medical information to the mother and that the mother is generally reluctant to communicate with the father, and is prone to taking unilateral action without timely informing the father, it was in the child's best interests that the father be given final decision-making authority where the parents are otherwise unable to come to an agreement (see Matter of Esther J. v Christopher K., ___ AD3d ___, ___, 2026 NY Slip Op 02176, *2 [3d Dept 2026]; Matter of Ashley UU. v Ned VV., 235 AD3d 1200, 1202 [3d Dept 2025]; Matter of Mary Ellen H. v Joseph H., 193 AD3d 1275, 1277-1278 [3d Dept 2021]; Matter of Cooper v Williams, 161 AD3d 1235, 1238 [3d Dept 2018]).
We also decline to disturb the portion of Family Court's order directing the parties to exchange the child on Saturday mornings, rather than Friday [*3]evenings. Under the prior order, the mother's visitation began on Saturdays, and, during the fact-finding hearing, she testified that she would like to continue that same schedule. Indeed, the mother's testimony suggested that she was unavailable to take the child on Friday evenings because she worked until early Saturday mornings as a bartender.
Finally, we reject the mother's contention that the attorney for the child was ineffective and improperly substituted his own judgment for that of the child. Although the attorney for the child did not seek continuation of the prior order during the fact-finding hearing, the mother did not request his removal. This argument, raised for the first time in reply, is unpreserved (see Matter of Darrell RR. v Donaisha SS., 216 AD3d 1234, 1235 [3d Dept 2023], lv dismissed 40 NY3d 967 [2023]; Matter of Susan II. v Laura JJ., 176 AD3d 1325, 1329 [3d Dept 2019], lv denied 34 NY3d 909 [2020]). In any event, if this issue were properly before us, we would find it to be without merit, as we are satisfied that the child was afforded meaningful representation (see Matter of Jasic UU. [Natasha UU.], 246 AD3d 1271, 1275 [3d Dept 2026]). The mother's remaining arguments, to the extent not directly addressed herein, have been reviewed and found to be unavailing.
Ceresia, Powers and Mackey, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1
The mother initially argued that the parties' prior parenting time order should be reinstated; however, in reply she conceded that reducing the disruption in the child's school schedule has benefitted the child.

Footnote 2
We reject the mother's assertion, first made at the time of oral argument, that subsequent petitions very recently brought before Family Court render the record before us inadequate to determine the issues on this appeal, and that this Court should instead remand for a new hearing (see generally Matter of Michael B., 80 NY2d 299, 318 [1992]). At the time of argument, Family Court had conducted only a preliminary hearing on the parties' subsequent petitions. There is no superseding order.